PRIESTLY & BEIN *v.* T. SHAUGHNESSY et al.

| 10 | 455 |
| 47 | 714 |

A defendant who acquiesces in a judgment, cannot appeal from it.

APPEAL from the Fourth District Court of New Orleans, *Reynolds,* J.
*Hart,* for plaintiffs. *Simons,* for appellant. *Race & Foster,* and others, for intervenors.

BUCHANAN, J. (SLIDELL, C. J. and OGDEN, J., absent.) Plaintiffs instituted suit in the *via executiva,* as holders of a note of defendant, secured by mortgage upon a slave, which was sold by the Sheriff. Various other holders of special and general mortgages, claimed the proceeds. Among these was *Timothy Shaughnessy,* who filed a third opposition, alleging that plaintiffs' mortgage was simulated, and various other grounds of preference in himself over the plaintiffs. The latter excepted, that the question of simulation could not be raised in form of a rule. This exception was sustained by the District Court in a judgment dated the 18th of March, 1854. This judgment reserved the right to *Shaughnessy* to take another rule, on grounds not touching the invalidity of said mortgage.

*Shaughnessy* acquiesced in this judgment by filing another opposition, by motion made on the 22d of March, 1854, on grounds other than the invalidity of the mortgage. These grounds were :

1st. That the mortgage notes held by plaintiffs and by two intervenors, named *Thompson* and *Batson,* were not taken by the holders in the usual course of business.

2d. That the holders of said notes did not derive their title from the mortgagee, but received them from the mortgagor.

3d. That the holders did not pay value for said notes, but received them as collateral security for the debts, much less in amount than the face of the notes received.

4th. That the notes were extinguished before coming into possession of these holders.

5th. That *Thompson,* the intervenor, is not owner of the five notes held by him.

The plaintiffs and the intervenor *Batson,* took the same exception to this rule, which had been taken to the former one ; and also pleaded the exception of *res judicata,* founded upon a certain suit, entitled *Paul Lacroix* v. *C. M. Fogg,* in which a judgment had been rendered.

These exceptions were sustained by the court, and the rule dismissed, on the the 6th of April, 1854.

The third opponent appealed on the 16th of March, 1855, from both the judgments of dismissal as above.

We are of opinion that his acquiescence in the judgment rendered on the 18th of March, 1854, has precluded *Shaughnessy* from the right of appealing from that judgment, which he has voluntarily executed, by availing himself, as stated in his second rule, of the right reserved to him in the first judgment. C. P. 567. The question of the simulation of the mortgage, and the proper mode of pleading such simulation, is not therefore before us.

Confining ourselves to the issue made upon the rule of the 22d of March, 1854, it appears to us that the Judge of the District Court erred in dismissing that rule upon the exceptions filed. The first of those exceptions, which was a repetition of the exception taken to the former rule, was indeed without application to the second rule; for as the latter did not assert the nullity or invalidity of the mortgage, there could properly be no question therein of the legal mode of pleading nullity or invalidity. The other exception *res judicata,* does not appear to be supported by the evidence.

*Shaughnessy,* against whom the judgment in the case of *Lacroix* v. *Fogg,* was pleaded in bar, was not a party to that suit.

It is therefore adjudged and decreed, that the judgment of the District Court rendered on the 6th of April, 1854, be reversed; that the exceptions filed by the appellees on the 6th of April, 1854, to the third opposition of the appellant, be overruled, and the cause remanded for further proceedings according to law; and that the appellees pay the costs of appeal in both courts.