Buchanan v. Dorsey.

JOB BUCHANAN, PLAINTIFF IN ERROR, V. CHARLES G. DORSEY AND OTHERS, DEFENDANTS IN ERROR.

1. **Act for the Relief of Occupying Claimants.** To proceed regularly under the "act for the relief of occupying claimants," no step should be taken until final judgment in the action against such claimant has been entered.

2. ————: ESTOPPEL. Where a party in an action of ejectment elects to institute proceedings under the above mentioned act, he is estopped from seeking relief by proceedings in error against the judgment in the former action.

THE defendants in error brought their action in the district court of Gage county to recover possession of lot three, in block sixty-five, in the city of Beatrice, and to recover rents and profits thereof. The plaintiff in error in his answer claimed title to the premises under a tax deed dated Feb. 11, 1868, made and recorded more than ten years prior to the commencement of this suit, and alsos et up the occupying claimants, law. . The case was tried once, finding and judgment set aside, new trial granted, case continued until next term, at which time it was again tried by a jury, who found the defendants in error to be the owners of and entitled to the possession of said premises. The plaintiff in error moved to set aside the verdict and for a new trial, which motion was overruled. Thereupon the plaintiff in error, by his counsel, asked that a jury be impaneled to assess the value of the lasting and valuable improvements made by him as occupying claimant, as provided by law, which motion the court sustained, and a jury was duly impaneled and sworn as provided under the occupying claimants' act, and the cause in that behalf having been submitted to them, the jury found that the value of the valuable and lasting improvements on said premises was the sum of $935.80; that the value of said lot without the improvements was $575.08; that the net annual value of the rent of said lot from the time of notice to surrender possession was $53.94. Thereupon the defendant in error in open court elected to pay for said improvements, and judgment was rendered in accordance with the verdict under the occupying claimants' act. To review these proceedings the cause was brought here upon a petition in error.

*Lamb, Billingsley & Lambertson,* for plaintiff in error, argued entirely upon the admissibility of the evidence

under which defendants in error claimed title, and
claimed error in the exclusion of tax deed offered by
plaintiff in error to sustain his claim of title.

*Colby & Hazlett*, for defendants in error, cited Bigelow on Estoppel, 503.

LAKE, J.

In the view we take of this case our disposal of it
must turn upon the decision of a single question, viz.,
the first raised in the brief of counsel for the defendants in error, which is, that Buchanan, by asking for
and obtaining relief at the hands of the court against
the successful plaintiff below, under the "act for the
relief of occupying claimants," waived all objections to
the verdict and judgment against him, of which he now
complains.   And our decision of this question must be
in accord with what we believe was the intention of
the legislature in passing that act.

Section three (Gen. Statutes, 501) provides "that
the court rendering judgment in any case provided for
by this act, against the occupying claimant, shall, at
the request of either party, cause a journal entry thereof
to be made, and thereupon a jury shall be impaneled
by the court in the usual manner provided by law in
civil cases."

By following sections, the jury thus impaneled are
required "to view the premises in question, and then
and there, on oath or affirmation, assess the value of
all lasting and valuable improvements," contemplated
by the first section of the act; also all " damages, if
any, which the said land may have sustained by
waste," etc., and report such finding to the clerk of
the court at the appointed time, and on this verdict
the court is required to render the proper judgment,
as in other cases.

A careful examination of the several provisions of this statute leads us to the conclusion that, in the orderly enforcement of it, final judgment in the action against the "occupying claimant" should be rendered prior to the taking of any steps for the ascertainment of the value of his improvements. In other words the action for the recovery of the land should be first concluded, and the rights of the parties to it finally determined by judgment duly entered of record. And until this is done, there is no foundation for taking a single step, except it be by consent of parties. To all intents the proceedings authorized by this statute is a new action. It requires the calling of a new jury, puts the parties to the trouble and involves them in the expense of another trial of the questions entirely foreign to those presented in the action for the land.

The record before us shows the proceedings under the relief act to have been somewhat premature and rather irregular, but there is nothing in this particular to affect our present decision. It seems that at once upon the return of the verdict, finding the defendants in error entitled to the lot, and before judgment thereon, the plaintiff in error moved for a jury to assess the value of his improvements as an occupying claimant. By consent of both parties, the same jury that had just served in the ejectment suit, was called, and, after trial had, made a finding, of which no complaint has been heard, in favor of the plaintiff in error, for eight hundred and eighty dollars and eighty cents, for which amount judgment was duly rendered in his favor. After asking and receiving all this at the hands of the court, on the strength of the result of the former action, should he be permitted to question its correctness? As we think, very clearly not. If he believed that the result was unjust and erroneous, and

desired a review of the proceedings by which it was brought about, he should have taken no step showing a voluntary acquiescence therein, but at once pursued the course open to him by petition in error. This, however, he did not do, but elected to recognize its binding force by seeking and obtaining relief under it. Having done this he is now estopped from seeking relief by proceedings in error.

JUDGMENT AFFIRMED.