JOHN BRADLEY, *et al.*, V. PHILIP ROGERS, *et al.*

1. EJECTMENT—*Occupying-Claimant Law—Estoppel.* Where a party in an action of ejectment elects, after the verdict is rendered, to institute proceedings under the occupying-claimant law, and demands a jury for that purpose, he is estopped from instituting proceedings in error to reverse the judgment rendered in such action; and this although the judgment had not yet been rendered when the election and demand were made.

2. OCCUPYING-CLAIMANT LAW—*Return of Jury, Not to be Changed.* The return of a jury under the occupying-claimant law of the assessments

and valuations made by such jury, is not subject to alterations or changes to be made by either of the parties, or by the jury, or by both together, after such return has been signed by the jury and deposited with the clerk of the district court.

### *Error from Brown District Court.*

ACTION in the nature of ejectment, and for rents and profits, brought by *Rogers* against *Bradley* and others. September 29, 1883, judgment was rendered for the plaintiff and against the defendants for the recovery of the land in dispute, and for rents and profits. The opinion states the facts, and other proceedings had in the action. The defendants allege various errors, and bring the case to this court.

*Smith & Solomon, C. W. Johnson,* and *H. H. Harris,* for plaintiffs in error.

*James Falloon,* and *S. B. Green,* for defendants in error.

The opinion of the court was delivered by

VALENTINE, J.: This was an action in the nature of ejectment, and for rents and profits, brought December 28, 1881, in the district court of Brown county, by Michael Rogers against John Bradley and Maggie Bradley. On May 24, 1882, Charles E. Bradley was made a party defendant. On September 28, 1883, a second trial was had in the case before the court and a jury, and on September 29, 1883, judgment was rendered in favor of the plaintiff and against the defendants, for the recovery of the land in controversy, and for rents and profits. It was also ordered by the court that the defendants be reimbursed for the taxes, with interest and costs, which they had paid on the property in controversy, and that they have the benefit of the occupying-claimant law. The order giving the defendants the benefit of the occupying-claimant law was made at their request. Afterward Rogers died, and, his death being suggested, the suit was revived in the name of his heirs and executors, and was subsequently prosecuted by them. Afterward, and in January, 1884, further proceedings were had for the purpose of giving the

defendants the benefit of the occupying-claimant law; and in February, 1884, such proceedings were duly approved by the district court; and further proceedings were then had in adjusting the claims of the parties, respectively for rents and profits, waste, taxes, improvements, etc., and judgment was rendered accordingly. On March 3, 1884, at the instance of the defendants, a case was duly settled and signed for the supreme court; and on April 22, 1884, the defendants, as plaintiffs in error, brought the case to this court.

It is claimed by the plaintiffs in error, defendants below, that the evidence in the case failed to show title in the plaintiff, and showed paramount title in the defendants. The defendants in error, plaintiffs below, however, raise a preliminary question in this court which will take precedence of the question of title, and as we think will render it unnecessary to consider the question of title, or indeed to consider any question of supposed error in the proceedings of the court below had prior to and including the rendition of the judgment awarding the property to the plaintiffs.

The foregoing question raised by the defendants in error, plaintiffs below, is as follows: They claim that the defendants below, by electing to institute proceedings under the occupying-claimant law, waived all errors or irregularities supposed to have been previously committed by the trial court, and elected to consider the judgment rendered with reference to title and rents and profits and costs as final and conclusive, and are now estopped from seeking to overturn such judgment by any proceedings in error brought to this court; and they cite as authority therefor the case of *Buchanan v. Dorsey*, 11 Neb. 373. We think their claim is good; for, while the occupying-claimant law of Nebraska, and the facts of the Nebraska case, are to some extent different from the occupying-claimant law of this state, and the facts of this case, yet we think the principles of law enunciated in the Nebraska case are applicable to this case, and are sound law; and we shall, therefore, follow that case in rendering our decision in this case. Also, with reference to waiver of errors by receiving the fruits of a

judgment, see *Babbitt v. Corby,* 13 Kas. 612; *Hoffmire v. Holcomb,* 17 id. 378.    In the Nebraska case, it was held that where a party in an action of ejectment elects to institute proceedings under the occupying-claimant law, he is estopped from seeking relief by proceedings in error against the judgment rendered in such action of ejectment.    The occupying-claimant law of Kansas, so far as we need to quote it, reads as follows:

"Sec. 603. The court rendering judgment in any case provided for by this act [article], against the occupying claimant, shall, at the request of either party, cause a journal entry thereof to be made; and the sheriff and clerk of the court, when thereafter required by either party, shall meet and draw from the box a jury of twelve men, of the jurymen returned to serve as such for the proper county, in the same manner as the sheriff and county clerk are required by law to draw a jury in other cases; and immediately thereupon the clerk shall issue an order to the sheriff, under the seal of the court, setting forth the name of the jury, and the duty to be performed under this article.

"Sec. 604. The jury drawn and named in said order shall immediately, on being notified by the sheriff, proceed to view the premises in question, and then and there, on oath or affirmation, to be administered by any competent authority, assess the value of all lasting and valuable improvements made, as aforesaid, on the lands in question, previous to the party receiving actual notice, as aforesaid, of such adverse claim; and shall also assess the damages, if any, which said land may have sustained by waste, together with the net annual value of the rents and profits which the occupying claimant may have received from the same, after having received notice of the plaintiff's title, by service of a summons, and deduct the amount thereof from the estimated value of such lasting and valuable improvements; and said jury shall also assess the value of the land in question, at the time of rendering judgment as aforesaid, without the improvements made thereon, or damages sustained by waste, as aforesaid."

"Sec. 606. The jury shall sign and seal their respective assessments and valuations aforesaid, and deposit the same with the clerk of the court by whom they were appointed, before the first day of the next term of said court after said order is made; and if either party shall think himself or herself aggrieved by any such assessment or valuation aforesaid,

he or she may apply to the court, at the term to which the proceedings are returned, and said court may, upon good cause shown, set aside such assessment or valuation, and order a new valuation, and appoint another jury, as hereinbefore provided, who shall proceed in the same manner as hereinbefore directed." (Civil Code, §§ 603, 604, 606.)

The defendants in this case did not stop with asking the court for a "journal entry" showing that they were occupying claimants, but they also demanded a jury by a written demand, which reads as follows:

"Now come the defendants and demand a jury to assess improvements made by them prior to January 2, 1882, under their claim of ownership under the tax deed by them offered in evidence."

As to whether the defendants would have the right to institute and maintain proceedings in error to reverse the judgment in the main action, if they had stopped with their request merely for a journal entry showing that they were occupying claimants, it is not necessary in this case to consider or decide, and we shall not consider or decide the same; for, as we have before stated, they did not stop with said request, but they demanded a jury for the assessment of their improvements, and such jury was awarded to them by the court, and was afterward drawn and impaneled, and the value of their improvements was afterward assessed; and further proceedings were had in the case with reference thereto. It is true that the foregoing demand, for a jury to assess improvements, was made before the judgment was rendered; but we do not think that that can make any difference. It was made after the verdict and findings of the jury were rendered, and it was permitted to remain on file in the case after the judgment was rendered, without any revocation or dissent, and without any objection to the drawing and impaneling of a jury, or to any proceedings to be had by a jury, until after the jury were actually impaneled and sworn, and were proceeding to business.

We now come to the question whether any material or substantial error was committed by the court below after the ren-

dering of the judgment in the main action on September 29, 1883, for the recovery of the real estate in controversy and for rents and profits, and awarding to the defendants the taxes paid by them and the value of their improvements under the occupying-claimant law. The plaintiffs in error, defendants below, claim that many errors were committed after the rendering of such judgment. We shall, however, consider only one of such alleged errors, and that is, whether, after the jury in the occupying-claimant proceedings have made all their assessments and valuations with regard to damages, waste, improvements, rents and profits, and of the. land without the improvements, or damages by waste, and have committed the same to writing, and signed the same, and deposited the same with the clerk of the district court, and have then dispersed, can any change or alteration in such written return be afterward made at the instance of one of the parties and with the consent of all the members of the jury, but without the consent of the other party? We must answer this question in the negative. The facts upon which this question arises appear to be substantially as follows: The order for the jury in the occupying-claimant proceedings was issued by the clerk of the district court to the sheriff on January 4, 1884, and the jury were then drawn in accordance with law, and on January 11, 1884, they were impaneled and sworn according to law; and on the same day they made the aforesaid assessments and valuations, reduced the same to writing and signed the same, and on the next day, January 12, 1884, deposited the same with the clerk of the district court, who marked it filed as of that day. Afterward, and prior to January 18, 1884, this return of assessments and valuations was changed; but in just what particulars it was changed does not appear, nor was it made to appear in the district court; but, among other changes, it would seem that $4,600 was changed to $4,000. It was shown in the district court that other changes were made, but just what other changes were made we cannot tell, nor was it made to appear to the district court. These changes, or at least some of them, were made at the instance of the defendants in error, plaintiffs be-

low.    After all the changes were made, all the members of the jury again signed the return, and the former file-marks were erased and the return was re-filed by the clerk as of January 18, 1884.    All this was done prior to the next term of the district court.    At the next term of the district court, and on February 7, 1884, the defendants moved the court to set aside the said assessments and valuations of the jury in the occupying-claimant proceedings and their verdict and return, upon the ground, among others, that the foregoing changes and altera-tions had been made.    The court overruled the motion, ap-proved such return, and rendered judgment accordingly.    We think the court below should have set aside the return.    The foregoing changes and alterations were irregular and unauthor-ized.    The statute requires that "the jury shall sign and seal their respective assessments and valuations aforesaid, and de-posit the same with the clerk of the court by whom they were appointed, before the first day of the next term of said court after said order is made." (Civil Code, § 606.)    When this statute is complied with, we think the jury have exhausted their authority.    By the use of the word "seal" in the fore-going statute, we think it was intended that the assessments and valuations of the jury should be placed in an envelope, or other inclosure, and the inclosure sealed, and then that the whole thing should be *deposited* with the clerk of the district court. Evidently it was not intended that the word "seal" should mean either the private or the public seal of the jury, or of any of the members thereof, for no such seal is known in law; and the use of all private seals, except of corporations, is abol-ished in Kansas. (Comp. Laws of 1879, ch. 21, § 6.)    And as the return of the jury is required to be sealed and deposited with the clerk of the district court, it was evidently not the intention of the legislature that the return should afterward be opened for changes or alterations to be made by either of the parties, or by the jury, or by both together.    In all proba-bility the changes in the present case were not very material, but as we cannot tell what the changes were, or whether they were material or not, and as the district court had no better

opportunity of knowing than we have—all the evidence upon the subject having been brought to this court—we must act upon the presumption that they might have been material. It was not shown in the district court, nor can we know from the evidence, what the original return of the jury was; we therefore think that the return should have been set aside and another jury ordered for the purpose of making new assessments and valuations.

The judgment of the court below in the main action will be affirmed; but the judgment and orders of the court below, rendered in February, 1884, with respect to the occupying-claimant proceedings, will be reversed, and the cause remanded with the order that the return of the jury in such proceedings be set aside, and for such other and further proceedings as may be proper in the case.

All the Justices concurring.