## No. 9341.

PRESIDENT AND BOARD OF CHURCH WARDENS OF THE CONGREGATION OF THE ROMAN CATHOLIC CHURCH OF THE PARISH OF ASCENSION vs. RIGHT REV. N. J. PERCHÉ, BISHOP, ET AL.

Acquiescence by appellant in the judgment appealed from defeats the right of appeal.

Thus, in a contest between the bishop of a diocese and a board of church wardens, involving the right claimed by the latter, denied by the former, of administering the temporal affairs of a church, in which the legal existence of the corporation represented by the board, is the main issue in the cause, acts of the bishop by which he recognizes the authority of such board and deals with them as such touching the administration of the church, after rendition of the judgment complained of, will be fatal to his right of appeal.

APPEAL from the Twenty-second District Court, Parish of Ascension. *Duffel,* J.

---

*R. N. Sims* and *E. N. Pugh* for Plaintiffs and Appellees:

---

MOTION TO DISMISS.

The opinion of the Court was delivered by

POCHÉ, J.   In this suit, which involves the right contested between plaintiffs and defendants of administering the temporal affairs of the Catholic Church of the parish of Ascension, plaintiffs and appellees moved to dismiss the appeal on the ground that appellants had acquiesced in the judgment appealed from.

When this court came to consider that motion last year it was found that the facts on which it was grounded were not of record, and hence

it was concluded to remand the matter to the District Court for the purpose of taking testimony on the question of the alleged acquiescence of appellants in the judgment complained of. 39 Ann. p. 223.

The record of that evidence is now before us, and on examination, we find therein full proof of the facts alleged in the motion of appellees.

Defendants' contention had put at issue the very existence of plaintiffs as a corporation, in consequence of which the authorities of the diocese had removed the curate in charge of the church, which thus had been stripped of its spiritual functions or direction, at least during the pendency of the suit, by means of which the legal right of possession of the church and of its appurtenances was to be determined.

Now the record which contains the evidence taken on the motion to dismiss, shows that since the rendition of the judgment appealed from, the archbishop of the diocese entered into a written agreement with plaintiffs as church wardens, looking to a united administration of the temporal affairs of the church.

Under and by virtue of that agreement a priest, appointed by the bishop as curate of the church, has since been officiating as rector, receiving his instructions in temporal affairs from the church wardens, to whom he has accounted for all revenues collected by him, and from whom he has received his salary and that of his vicar assistant, and with whom he has continuously participated in all necessary acts of administration, reporting to them, and for their consideration and approval, all such acts which, in their nature, had to be attended to and performed exclusively by himself.

It also appears that the bishop himself has received from plaintiffs his share accruing from the revenues of the church, as specified in the written agreement herein above referred to. These and other similar acts involve the appellants in an unqualified recognition of the legal authority of plaintiffs in all matters connected with the administration of the temporal affairs of the church, the absolute denial of which authority was the pivotal issue covered by the judgment appealed from ; and they therefore sustain appellees' allegation of acquiescence. Stinson vs. O'Neal, 32 Ann. 947.

Hence, the present appeal cannot be sustained. It is therefore ordered that this appeal be dismissed at appellants' costs.