HON. JNO. H. BURFORD, CHIEF JUSTICE.
HON. JNO. L. M'ATEE,
HON. JOHN C. TARSNEY,
HON. BAYARD T. HAINER,
HON. BENJ. F. BURWELL,
} ASSOCIATE JUSTICES.

---

BURTON S. BARNES *et al.* v. J. W. LYNCH *et al.*

(Filed Feb. 11, 1899.)

1. APPEAL—*Settling Case—Expiration of Term of Judge.* Where an action is tried before a district judge and time given to make a case, and the term of office of the judge expires during the time fixed for making the case, he may settle and sign the case after going out of office, although at the time he retired from office no time had been fixed for settling and signing the case. Sec. 567, Code Civ. Proc. authorizes an ex-judge to settle and sign a case if, at the time of his retirement from office, either the time for making and serving case had not expired, or, if it had expired, the retirement of the judge was pending the time fixed for settling and signing the case.

2. WAIVER OF RIGHT AFTER APPEAL. *Assenting to Judgment.* A party who voluntarily acquiesces in or ratifies, either partially or in toto, a judgment against him, cannot appeal from it. Where plaintiffs brought action, claiming to be the owners of certain

lands praying a decree for absolute title, and for the quieting of the same; and the decree was for the defendant, decreeing that the defendant was the owner of the lands, from which decree plaint'ffs appealed, and pending appeal, on supplemental petition in the trial court plaintiffs claimed to have expended individual moneys in the purchase of the lands under circumstances that would entitle them to an equitabie lien for the amount expended, and had a referee appointed to make an accounting of the moneys so expended, and asking that the amount so found should be decreed an equitable lien upon the land, *held*, that such subsequent proceeding, be'ng inconsistent with the assertion of absolute ownership and title, was an acquiescence in and ratification of the judgment, and that their appeal should be dismissed. ·

3. APPEAL—*Reception of Evidence Dehors Record—Admissible, When.* Evidence *dehors* the record. to establish certain facts affecting proceedings on appeal, is admissible in an appellate court; and the admission of such evidence, when uncontroverted, is not an assumption of original jurisdiction.

(Syllabus by the Court.)

*Error from the District Court of Kay County; before A. G. C. Bierer, District Judge.*

*H. B. Martin, J. B. Diggs* and *George S. Green* for plaintiffs in error.

*Pollock & Lafferty, J. W. Quick, E. Bee Guthrey* and *C. W. Ransom*, for defendants in error.

· Action by Burton S. Barnes and John W. Dalton, as partners,against J. W. Lynch,the Ponca City Land & Improvement company, and others to recover certain lands and to quiet title thereto. From a decree in favor of the defendant, plaintiffs bring error. Appeal dismissed.

Opinion of the court by

TARSNEY, J.:   The decree in this case was entered on February 21, 1898, when one hundred days were allowed the plainntiffs in error to make and serve a case-made; fifteen days thereafter was given to suggest amendments.

thereto; the case to be settled upon five days' notice. The case was served on May 28, 1898. July 1, 1898, notice was given that the case-made would be presented for settling and signing on July 6, 1898. The term of office of Justice Bierer, the trial judge, expired on the 28th day of February, 1898; the case was signed and settled by him on July 7, 1898.

I. Defendants in error have moved to dismiss this appeal and, among other grounds therefor, insist that no authenticated case-made has been brought up to this court nor any record which warrants us in reviewing the proceedings of the district court. It is urged that it is only when the term of the trial judge expires during the time definitely fixed for the settling and signing of a case, that such trial judge is authorized to settle and sign the same after his retirement from office; and that, as no time was definitely fixed for the settling and signing of this case when Judge Bierer retired from office, he was without authority to settle and sign the same thereafter on the 7th day of July, 1898. The jurisdiction of a judge to settle the case is a special and limited jurisdiction which only arises at the times and under the circumstances specified by law. (*Weeks v. Medler*, 18 Kan. 425.)

Section 567, Code of Civil Procedure, Statutes of Oklahoma, 1893, provides that:

"In all cases heretofore or hereafter tried, when the term of office of the trial judge shall have expired, or may hereafter expire before the time fixed for making or settling and signing a case, it shall be his duty to certify, sign or settle the case in all respects as if his term had not expired."

This section of the statute is a part of the Code of Civil Procedure adopted from the state of Kansas, and has been construed in a number of cases by the courts of that state; and we are cited by counsel for defendants in error to the recent case of *Farmers Alliance Ins. Co. v. Nichols*, 50 Pac. Rep. 940, decided by the court of appeals Southern Department, as supporting the contention of the defendants in error. In that case, judgment was rendered on December 22, 1896; one hundred and twenty days were given to make a case; thirty days thereafter, to suggest amendments; to be settled on five days' notice. This case was served on April 20, 1897; amendments were suggested thereto and made by agreement. The term of the district judge who tried the case expired January 1, 1897. Twenty days after the time had expired for suggesting amendments, and after five days' notice had been given, the case-made was presented for settlement to the ex-judge who tried the same. The case was signed on June 12, 1897. The court of appeals held that, as the term of the judge expired when the time was fixed for settling and signing the case, he had no authority to settle and sign the same. It must be conceded that that case is directly parallel in point of fact with the case at bar, and directly supports the contention of defendants in error. A careful examination, however, will disclose the fact that that case is not supported by the authority upon which it is based, or in harmony with previous decisions of the supreme court of that state. The authority upon which that case is based is *Railroad Co. v. Wright*, 53 Kan. 272. In that case the judgment was rendered on November 1, 1889. Sixty days were given to make and serve case; ten days

to suggest amendments; to be settled at some future time on five days' notice. The case was served December 28, 1889; no amendments were suggested within the ten days allowed therefor; the term of the district judge who tried the case, expired on January 13, 1890, three days after the time for suggesting amendments had passed; no notice of settling and signing was given until the following June, and the case was settled on July 10, 1890. It was there held that, as the term of the judge expired when no time was fixed for settling and signing the case, he had no authority to settle and sign the same. The clear distinction between that case and the case we are considering, as well as the case of the *Insurance Co. v. Nichols*, is that in the former, the time that had been fixed for making and serving the case-made had expired, and no time had been fixed for settling and signing when the term of the judge expired; while, in this case, and in *Insurance Co. v. Nichols*, although no time had been fixed for settling and signing the case, the time fixed for making and serving had not expired when the judge retired from office.

In *Thurber v. Ryan*, 12 Kan. 455, a judgment was rendered on March 4, 1873; thirty days were given to make a case; on March 13, 1873, a law took effect which detached the county in which the judgment was rendered from the thirteenth and attached it to the fifth judicial district. It does not appear that any time had been fixed for settling and signing the case; it was there held that by the law changing the judicial district, the judge who tried the case ceased to be judge of the district court of the county where the judgment was rendered, but that, notwithstanding this, such trial judge there-

after, on the first of April, 1873, had authority to sign and certify the case-made, for the reason that said act was during the time fixed for making the case.

In *Railway Company v. Corser*, 31 Kan. 705, it was held that where, in an action tried before a district judge and time given to make a case, which time expires before the expiration of the term of office of the judge, and no time is fixed by the judge for settling or signing the case, the judge, after the expiration of his term of office, has no authority to settle and sign such case-made. In that case, the time for making and serving the case, as well as for suggesting amendments, had expired before the judge went out of office, and no time had been fixed for settling and signing. Mr. Chief Justice Horton, speaking for the court, says:

"The statute only gives authority for the person who tried the case to certify, sign and settle the same after he is out of office, when his term of office shall have expired, or expires during the time fixed for making or settling and signing the case; and if no time is fixed by the order of the court for settling and signing the case, the time fixed for making the case must control."

As we construe the provisions of section 567 of the code, that section means that if the term of the trial judge shall expire before the expiration of the time fixed for making a case, he may settle and sign such case; or, if his term of office shall expire during the time fixed for settling and signing the case, he may settle and sign the same thereafter. In other words, there are two contingencies under which he may have authority to complete the work of perfecting the case for appeal, viz: If his term of office expires during the time fixed for mak-

ing and serving the case, or if his term shall expire there-
after during the time fixed for its settling and signing;
but if his term of office does not expire during the time
fixed for making and serving the case, and no time has
been fixed for settling and signing before his term ex-
pires, then he cannot settle and sign the case. We
think this view is in perfect harmony with the decisions
in *Railway Co. v. Corser*, and in *Railway Company v.
Wright, supra*, and that as the term of Justice Bierer ex-
pired during the time fixed by his order for making and
serving the case-made in this cause, he was authorized
by the statute to settle and sign the same when it was
settled and signed.

II.   A second contention of defendants in error is that
this appeal should be dismissed because plaintiffs in error
have, since the rendition of the judgment, by their acts
and conduct, waived their right to prosecute this pro-
ceeding in error, and are estopped from so doing. This
was an action by the plaintiffs below, claiming to be
the owners of certain lands, praying a decree for absolute
title, for the cancellation of certain conveyances, for the
quieting of their title, and that defendants, and each of
them, might be decreed to have no interest whatever or
right therein. The defendants, the Ponca City Land & Im-
provement company, by its answer and cross-petition,
alleged that it was the equitable owner of said lands and
prayed that absolute title thereto might be decreed in it,
and for legal conveyance.

It was found and decreed by the court that the lands
in controversy were the property of the defendant, the
Ponca City Land & Improvement company; that all the
conveyances under which plaintiffs in error claimed

—2

said lands should be cancelled and annulled, and that plaintiffs in error should, withinn ten days from the date of the decree, make and deliver to said defendant a good and sufficient deed to all the real estate mentioned and described in the cross-petition of said defendant.

After the rendition of such decree, and after plaintiffs in error had taken time to make and serve a case-made to bring said decree to this court for review, plaintiffs in error asked and were allowed leave to file in said cause a supplemental petition, claiming that they had advanced moneys belonging to them individually, for the purchase of said lands, under such circumstances as would constitute an equitable lien upon the lands decreed to the defendant, the Ponca City Land & Improvement company. Such leave being granted, plaintiffs in error filed said supplemental petition, praying for the appointment of a referee to make an accounting as to the moneys so advanced by them, and asking that the amount to be so found be declared a lien upon said property. A referee was appointed and proceeded to make such accounting, plaintiffs in error appearing before said referee at the time and place fixed by him for the commencement of the hearing upon such reference.

No rule is better settled than that the right to appeal may be waived by acts of the party which are inconsistent with the assertion of that right. A party who voluntarily acquiesces in or ratifies, either partially or *in toto*, a judgment against him, cannot appeal from it. (*Church Warden v. Perche*, 40 La. Ann. 201.)

A party who complains of a judgment must be consistent in his conduct with reference to it. It he recog-

nizes its validity, he will not be heard to say that it is invalid. (*Babbitt v. Corby, Adm'x.*, 13 Kan. 612.)

If plaintiffs in error, by their acts and conduct, have recognized the validity of the judgment against which they complain, or if they have by such acts asserted a right to belief, inconsistent with the relief sought by them in this action, they must be held to have waived their right to appeal from the judgment, which denied them the relief first asserted. There can be no clearer recognition of a judgment than is shown here. Plaintiffs in error claim title; the court found against their title; they then asserted a right to an equitable lien upon the property, and put in motion the powers of the court to enforce such lien. Surely, this is inconsistent and a waiver of claim of absolue title. Absolute title and a lesser estate or limited interest, such as a lien or a right to a lien, cannot exist in the one person at one and the same time, as all the lesser interests and rights are merged in the absolute title; the greater includes the lesser. The assertion of a right to an equitable lien upon lands is absolutely inconsistent with an assertion of absolute title and ownership when made by the same party.

Mr. Elliott, in his work on Appellate Procedure, sec. 149, says:

"A party may have an appealable interest and yet not be entitled to prosecute an appeal. He may preclude himself from appealing by an election of remedies. Thus: A party may elect to prosecute a suit to review a judgment, and if he does make such an election, he cannot appeal from the same judgment. This doctrine is an extension of the principle that an election of remedies binds the party, and precludes him from pursuing

different remedies, after having once elected. The principle is a salutory one, because it prevents parties from being vexed with litigation, and because it secures one decision finally terminating the controversy. If parties were permitted to exhaust one remedy and then take advantage of another, confusion would result and litigation be unjustly prolonged."

Suppose, in this case, that subsequent to the judgment complained of, the proceedings for an accounting by referee had been instituted as they were; that the referee had made such accounting; had found that plaintiffs in error had, of their individual moneys, expended a certain amount in the purchase of these lands under such conditions as entitled them to a decree for an equitable lien; that such decree had been made, and the defendant, to release the lands from such lien, had paid to the plaintiffs the amount so found. Would it be contended that plaintiffs in error could prosecute this appeal, have the judgment vacated, and, upon a re-trial of the cause, establish their absolute ownership and title to the land? To state the proposition is to state the answer, and conclusively show the inconsistency of the remedies sought by the plaintiffs in error. When they instituted proceedings for an accounting and for the establishment of a lien, they acquiesced in the decree of the court that the lands were the lands of the defendant, and ratified that decree by seeking a remedy for whatever right they might have, which remedy was inconsistent with absolute ownership in themselves, and only consistent with an admission of title and ownership in the defendants.

In *Bradley et al. v. Rogers*, 33 Kan. 120, 5 Pac. 374; and in *Buchanan v. Dorsey*, 11 Neb. 373, 9 N. W. 546, it was

held that where a party in an action of ejectment elects, after the verdict is rendered, to institute proceedings. under the occupying claimant law, and demands a jury for that purpose, he is estopped from instituting proceedings in error to reverse the judgment rendered in such action.

In *Ehrman v. Astoria & P. Ry. Co. et al.* (Or.) 38 Pac. 306, it was held, that, where plaintiff brought suit to foreclose a mechanic's lien on certain property, and, from a judgment for defendants, appealed, and pending such appeal, brought an action upon the account for which he claimed the lien, and attached the property, that, by suing out the attachment, he waived his right to prosecute the appeal.

In *Priestly v. Shaughnessy*, 10 La.Ann. 455, it is held that "A party who acquiesces in a judgment against him by availing himself of the right therein reserved to take another rule on different grounds, cannot appeal from said judgment."

Both upon principle and authority we are satisfied that the action of the plaintiffs in error in their proceedings for an accounting and for the obtaining of an equitable lien, was inconsistent with their claim of absolute ownership of the property, and that by taking such proceeding they waived their right to have the judgment which such proceeding was a recognition of, and acquiescence in, reviewed by this court upon appeal.

The proceedings subsequent to the judgment, for the appointment of a referee and for the taking of an accounting, are not presented in the case-made, but are

presented in support of the motion to dismiss the appeal by attested 'copies of the record of such subsequent proceedings and by affidavit. It is the correct rule abundantly supported by authorities that, evidence *dehors* the record to establish certain facts is admissible in an appellate court affecting proceedings before it upon appeal, and that the admission of such evidence, when uncontroverted, is not an assumption of original jurisdiction. (*Dakota County v. Glidden*, 113 U. S. 222; *Elwell v. Fosdick*, 134 U. S. 500; *Ehrman v. Ry. Co., supra.*)

For the reasons stated, the appeal herein must be dismissed.

Hainer, J., not sitting; all of the other Justices concurring.