MONROE, J.
Plaintiffs, Mrs1. Ruth Williams Wells (aided by her husband) and Early Williams, her brother, allege, that with L. O. Williams1, Mittie Williams, and James Williams they are the sole owners of a tract of land in Caddo parish inherited from their parents; that during their minority, but after the marriage of the (now) Mrs. Wells, their tutor assumed to sell an undivided one-fourth interest in said tract to John B. Files, herein made defendant; and that the transaction was void for several reasons which are given in the petition; and they pray that it be so decreed and that their said interest be recognized. Defendant interposed various exceptions and, reserving his right with respect thereto, affirmed the validity of his title to the one-fourth interest in question, alleging that he had acquired it under a contract (approved by a family meeting convened in the interest of the plaintiffs, and the proceedings of which were homologated by a judgment of the district court) as compensation for services rendered and money advanced in recovering the land from the heirs of E. C. Christian, to whom plaintiffs’ father had sold it. There was judgment in the district court on June 10, 1911, rejecting plaintiffs’ demand, and they appealed therefrom, lodging the transcript in this court on July 11, 1911. On the following day defendant moved to dismiss the appeal on various grounds, but that motion is not pressed. On February 21, 1912, however, another motion to dismiss was filed, and more recently still — since the argument and submission of the case — still another motion, to the same effect, has been filed; the ground relied on, in both instances, being that the appellants have acquiesced in the judgment appealed from. The motions are supported by affidavits of the defendant and by documents from which it would appear that .the tract of land in question is the subject of a mineral lease to the “Sun Company,” and that the owners receive a royalty amounting to one-eighth of the oil produced by the lessee, and that on December 1, 1911, there was executed an instrument in writing .signed by said lessee and by all the parties claiming ownership of the land, and reading, in part, as follows:
“Beaumont, Texas, Dec. 1st, 1911. To Sun Company: The undersigned certify and guarantee that they are the legal owners of the oil from Wells Nos. 1 and up, on lease from R. H. Harrell, tutor, et al, in section 10, township 21, range 16, dated March 30, 1910, recorded in' volume 57, page 786, Deed Records, Cad-do Parish, La., * * * including royalty interest, and until fqrther notice you will credit all oil as per direction below:
Credit to Division of Post office interest address.
Sun Company 7/8 Beaumont, Texas.
R. H. Harrell 10/18 of 1/8 Vivian, La.
Mrs. Ruth Wells 3/18 of 1/8 Vivian, La.
John B. Files 5/18 of 1/8 Shreveport, La.”
It further appears that in July, 1912, a similar instrument -was executed in which the names, interests, and residences óf the owners are given, as follows:
Sun Company 7/8 Beaumont, Texas.
Earl Williams 7/72 of 1/8 Royalty Vivian, La.
Ruth Wells 10/72 of 1/8 Vivian, La. J. M. Teat and
Chas. Norris 5/72 of 1/8 Vivian, La.
John B. Files 20/72 of 1/8 Shreveport, La.
R. H. Harrell, Tutor 15/72 of 1/8 Vivian, La.
As these documents import a recognition on the part of the plaintiffs of all the interest in the land in controversy which the judgment appealed from recognizes as vested in defendant, it would appear that plaintiffs can no longer maintain this appeal. C. P. 567; Williams v. Duer, 14 La. 523; State v. Judge, etc., 4 Rob. 85; Landry v. Connely, 4 Rob. 127; Succession of De Egana, 18 La. Ann. *739 59; Board of Church Wardens v. Perche, 40 La. Ann. 201, 3 South. 542; Stinson, Guardian, v. O’Neal, 32 La. Ann. 947; State ex rel. Perilloux v. Magistrate, 50 La. Ann. 388, 23 South. 203; Crusel v. Brooks, 127 La. 839, 54 South. 120.
It is therefore ordered that the case be remanded to the district court in order that the facts concerning the alleged acquiescence of the appellants may be properly inquired 'into; the inquiry by this court into the merits of the case being, in the meanwhile, suspended.