could not have proceeded, under that act in this case.

In City v. Reem, 49 La. Ann. 792, 21 South. 599, where no plea of unconstitutionality or illegality of the tax was filed, we say:

"We have not found that the case falls within the appellate jurisdiction of this court. There is no question of law involved. The manifest purpose is to show that defendant's business, not being a retail business, cannot be subjected to the payment of a retail license. This is exclusively a question of fact. * * * While it is asserted that the law is illegal and unconstitutional, no ground of illegality or unconstitutionality is even suggested. This court has had occasion to decide in a number of cases, in obedience to the article of the Constitution, that appellate jurisdiction would be exercised in all cases in which the constitutionality or legality of any tax shall be in contestation. In those cases the appeal comes up on the law and the fact needful to a proper determination of the question."

We adhere to the foregoing ruling.

Defendant refers to State v. Chess Club, 116 La. 46, 40 South. 526, 7 Ann. Cas. 957, where additional licenses were claimed for the same business, on which defendant had paid, whereas in the instant case no additional license is claimed from defendant. The claim is for wholesale dealers' licenses for certain years, where no wholesale licenses had been paid.

Appeal dismissed.

---

(62 South. 638.)

No. 19,959.

WELLS et al. v. FILES.

(May 26, 1913. Rehearing Denied June 30, 1913.)

*(Syllabus by Editorial Staff.)*

APPEAL AND ERROR (§ 1106*) — REMAND — GROUNDS.

Where appellee moves to dismiss an appeal on the ground of acquiescence by appellant in the judgment appealed from, the case will be remanded to the lower court to ascertain the facts, and the inquiry by the Supreme Court into the merits will be suspended.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4386–4398, 4585; Dec. Dig. § 1106.*]

Appeal from First Judicial District Court, Parish of Caddo; T. F. Bell, Judge.

Action by Ruth Wells and others against John B. Files. From a judgment for defendant, plaintiffs appeal. Remanded to the district court.

See, also, 60 South. 227, 131 La. 736.

A. J. Murff, of Shreveport, for appellants. Thigpen & Herold and John B. Files, all of Shreveport, for appellee.

SOMMERVILLE, J. On motion to dismiss the appeal filed May 15, 1913: The first motion to dismiss is found in transcript No. 18,988 on the docket of this court. 60 South. 227.[1] Said motion was based upon an alleged acquiescence by the plaintiffs in the judgment rendered in the cause, and from which they had appealed. Our order remanding the case to the district court, that the facts concerning the alleged acquiescence of the appellants might be inquired into, is found in said transcript No. 18,988.

After hearing, the district court rendered the following judgment:

"By reason of the law and the evidence being in favor thereof, it is ordered, adjudged, and decreed that there is judgment in favor of the defendant, John B. Files, and against the plaintiffs, Mrs. Ruth Wells and Earl Williams, that said plaintiffs have acquiesced in the judgment signed herein on June 10, 1911, by E. W. Sutherlin, judge of the First judicial district court of Louisiana, and that plaintiffs pay all cost."

Plaintiffs appeal.

Defendant, appellee, again moves to dismiss the appeal for the reason:

"That the plaintiffs have again ratified and acquiesced in the judgment of the court below by voluntary execution of deeds of sale conveying their interests as being in the proportions set forth in the said judgment.

"That they have conveyed all of their interests or claims to the property, and are without further right to prosecute this appeal, all of which is shown by certified copies of deeds hereto attached."

---

[1] 131 La. 736.

This motion is supported by the affidavit of defendant, appellee, and by certified copies of two acts of sale of date February 15, 1913, by the two plaintiffs, to the Natalie Oil Company.

Under the authorities referred to in our former ruling in remanding this cause, and for the reasons therein given, we will remand the case again, that evidence may be taken upon the allegations in defendants' last motion to dismiss the appeal.

It is therefore ordered that the case be remanded to the district court, in order that the facts concerning the alleged acquiescence by appellants, and the sales made by them, in the manner above indicated, may be properly inquired into. Inquiry into the merits of the case by this court will be suspended.