THE STATE *v.* THE JUDGE OF THE PARISH COURT OF NEW ORLEANS.

By article 567 of the Code of Practice, a party against whom a judgment has been rendered cannot appeal, if he have acquiesced therein, by voluntarily executing it; and the same rule will be extended to one, who, having obtained a judgment, has carried it into execution.

A rule on the mortgagee, taken, after an order of seizure and sale had been executed, by one who had been appointed curator *ad hoc* to represent the third possessor of the mortgaged property, to show cause why a certain sum, under the jurisdiction of the Supreme Court, should not be allowed as a fee for his services, is not such an incident to the principal action, as to make the latter the basis of an appeal, to be used only for the correction of errors committed in the adjustment of such incidental matters. Though arising out of the original action, the demand in the rule is entirely distinct from it, and, being under three hundred dollars, is not appealable.

RULE to show cause why a mandamus should not be issued to the judge of the Parish Court of New Orleans.

*Bodin,* for the mandamus.

*Maurian,* Judge of the Parish Court of New Orleans, showed cause.

SIMON, J. Certain proceedings having been instituted by L. B. Macarty, to obtain the seizure and sale of property specially hypothecated to secure a note of seven thousand dollars, due him by one Scates, which property had been conveyed by a deed of sale to J. A. Spalding, who, in the said deed, had assumed the reversion of the mortgage; it became necessary to appoint a curator *ad hoc* to represent Spalding, who is an absentee. Langdon Elwyn, Esq., an attorney at law, was appointed to represent him, and such proceedings were subsequently had, contradictorily with him, as were necessary to execute the order of seizure and sale which had been granted, and to foreclose the mortgage. The property was sold, and the proceeds not amounting to a sum sufficient to satisfy the mortgage claim, were paid over to the seizing creditor; that is to say, the property seized was purchased by Macarty, the plaintiff.

After the proceedings had thus been completed, and the mortgage foreclosed in compliance with the order or judgment of the court, Elwyn took a rule on the creditor to show cause why a

certain fee should not be allowed him, as part of the costs of the suit, to be paid by the plaintiff in the executory process. This was objected to by the plaintiff, but the rule was made absolute, and the sum of two hundred and fifty dollars was allowed by the Parish Court, as a fee to the curator *ad hoc*, to be taxed among the costs of the suit.

The seizing creditor being dissatisfied with the judgment rendered on the rule, presented a petition of appeal to the judge of the Parish Court, who refused to grant it; and the object of the present application is to obtain from this court a writ of mandamus to compel the inferior judge to grant the appeal applied for.

The Parish Judge has shown for cause: that the ground upon which the plaintiff seems to rely is, that the order or judgment rendered on the rule being an incident to the principal judgment, and a part of the matter in dispute, he is entitled to an appeal: that if so, the appeal intended to be taken would be of the whole case, which the applicant cannot be permitted to do, under article 567 of the Code of Practice, which provides that the party against whom judgment has been rendered cannot appeal, if he has acquiesced in the same, by executing it voluntarily. He contends that, *a fortiori*, he who has had a judgment in his favor, and who has executed it, must be precluded from appealing.

He further maintains that the appeal, if not prayed for on the whole case, must be on the interlocutory judgment on the rule, which can only be considered as a new and separate suit brought by Elwyn against the plaintiff; and that, the amount claimed being under three hundred dollars, no appeal can be allowed.

Various matters have been alleged in the petition of the applicant and in the answer of the judge, and divers depositions of witnesses have even been brought up to show the circumstances under which the appointment of the curator *ad hoc* was made, and to contest or justify the propriety and legitimacy of the curator's claim to a fee of two hundred and fifty dollars. But, as the naked question which we have now to examine relates exclusively to the applicant's right of appeal, we shall consider it without any reference to the statements and evidence of the facts, which the parties before us have thought proper to allege in, or annex to their pleadings.

The view taken by the Parish Judge appears to us to be correct. We agree with him that, as, under article 567 of the Code of Practice, a party against whom a judgment has been rendered, cannot appeal from it, if he has acquiesced therein, by executing it voluntarily ; the same rule should exist, *a fortiori*, with regard to a party who has obtained a judgment, and who has had it carried into execution. The latter case, if brought before us, would either present no object in controversy upon which our interference would be claimed or could be exercised, or would offer the novel and extraordinary anomaly of a party's complaining of a judgment in which he has acquiesced, and from the execution of which he has derived all the benefit which, according to his demand, he was really entitled to. The original controversy was at an end by the foreclosing of the mortgage. Nothing could revive it, and we cannot acquiesce in the proposition, that any subsequent subject in dispute arising out of it, should be considered as such an incident to the principal action, as to make it the basis of an appeal, to be used only for the purpose of correcting errors committed in the adjustment of such subsequent incidental matters. We think, therefore, that the Parish Judge did not err in refusing to grant the appeal, if intended to bring the original case before this court.

Considering the judgment complained of, as the result of a new and separate suit, brought by the curator *ad hoc* against Macarty, and as a demand entirely distinct from the original action, though it arises out of it, the applicant is not entitled to an appeal, as the amount in controversy does not exceed three hundred dollars. Code of Practice, art. 570.

It has been urged, however, that the sum allowed to the curator *ad hoc* has been ordered to be taxed among the costs of the suit, and that the general rule is, that costs must follow the judgment ; that, therefore, those costs should be considered as being a part of the original judgment, subject to be brought by appeal before us, although the costs should be the sole matter in dispute before the appellate court ; and we have been referred to two cases, reported in 10 Mart. 115, and 11 Mart. 577, in which it was held, that " costs are incidental and accessory to the judgment of the court." This doctrine is perfectly clear and cannot

be controverted ; and had the original judgment been appealable from, the question relative to the sum in dispute, as a part of the taxed costs, might perhaps have been inquired into on the appeal ; but, as we have already said, the principal judgment cannot now be appealed from, and we are not prepared to say that an incidental or interlocutory judgment, on a mere question of costs, can be examined on appeal before this court, without its being brought up with the whole case.

*Rule discharged.*