No. 14,024.

STATE OF LOUISIANA EX REL. MUTUAL BUILDING AND HOMESTEAD
ASSOCIATION VS. THE JUDGES OF THE COURT OF APPEAL FOR
THE PARISH OF ORLEANS.

### SYLLABUS.

The property mortgaged had been sold and the writ of seizure and sale executed.
There remained no issues between the mortgagor and the mortgagee.

The rule taken after the sale had been executed by the attorney for the absent
mortgage debtor to fix the fee of attorney is not appealable, unless the amount
came within the lower limit of the court's jurisdiction. The minimum limit
is one hundred dollars. The amount involved had given rise to issues en-
tirely independent of the main action. The only matter in dispute was the
amount of the judgment of fifty dollars.

Relator's demand is not allowed.

APPLICATION for a writ of *Mandamus.*

*Carroll & Carroll,* for Relator.

*Joseph Oscar Daspit,* for Respondents.

The opinion of the court was delivered by

BREAUX, J. Relator seeks to compel the Court of Appeal to exercise
jurisdiction and review a judgment rendered by the District Court fix-
ing the fee of the attorney appointed by the court to represent the ab-
sent defendant.

The facts are:

Suit was instituted in the District Court to foreclose a mortgage
claim for twenty-four hundred dollars. The mortgagee in that suit is
the relator here. He bought the property at sheriff's sale. Thereafter,
at the instance of the attorney for the absent defendant, a rule was
issued upon the Mutual Building and Homestead Association (relator
here) to show cause why a fee should not be taxed in his favor as costs.
The District Court heard the parties upon the trial of this rule, and ren-
dered judgment for the attorney in the sum of fifty dollars, and taxed
the amount as costs of the suit. From this judgment, the Mutual Build-
ing and Homestead Association appealed to the Court of Appeal. The
Court of Appeal, after hearing, dismissed the appeal for want of juris-
diction *ratione materiæ.*

Relator's contention is that the Court of Appeal is vested with jurisdiction of the appeal, and that that court should have determined the case upon the merits. To sustain its position, and to have the appeal reinstated, it is incumbent upon the relator, we think, to make it appear evident that the matter of taxation of the fee in question is an incident of the main suit, an action for an amount which cannot be divided from the principal action.

The decisions, as we read them, do not sustain relator's contention, at any rate not after the order of seizure and sale, as in the case before us, has been executed. In one of the decisions of this court a curator *ad hoc* appointed to represent the third possessor of the mortgaged property obtained a rule to show cause why a sum, under the lower limit of the Supreme Court's jurisdiction, should not be allowed as a fee for h's services. The court, on appeal, held that the fixing of this amount is not an incident to the main demand, and is not by that reason, within its jurisdiction. "Though arising out of the original action, the demand in the rule is entirely distinct from it, and being less than $300 is not appealable." State vs. Judge, 4 Rob. 85. In the decision just cited, all the points at issue here were specifically considered. The court held that one against whom judgment had been rendered cannot appeal if he has acquiesced in the judgment by executing it voluntarily; and that there was no object in controversy upon which the court's interference could be exercised; that one cannot complain of a judgment in which he has acquiesced and from the execution of which he has derived all the benefit to the full extent of his demand, and that the original controversy was put at an end by the foreclosure.

The court, in the decision in question, also considered the rule invoked by the relator, that costs must follow the judgment; and that these costs should be considered as part of the original judgment subject to appeal. This court in the cited decision, *supra*, agrees with that proposition before what it terms *the execution of the judgment,* but not afterwards, when the question of costs of a curator *ad hoc comes* up, in effect, as an independent issue after execution.

Our learned brothers of the Court of Appeal also cite the decision of Johnson vs. Popovich, Louque's Digest, p. 14, No. 11, and Fitle vs. Duncan, 39 Ann. 86, and Succession of Dougart, 42 Ann. 516. We think that they are determinative of the point here involved. See, further, relative to acquiescence in part in the judgment rendered, and its effect on the appeal, Succession of Trouilly, 52 Ann. 276.

The relator further contends: If the Civil District Court had juris-diction to tax costs, the Court of Appeal had jurisdiction over the appeal, and in support of this position cites from the Constitution as follows: "When the matter in dispute, or the fund to be distributed, shall exceed one hundred dollars, the Court of Appeal has jurisdiction; and the District Court has original jurisdiction where the amount in dispute or the fund to be distributed exceeds one hundred dollars." Taking this for a basis, relator's contention is that where the Civil District Court has jurisdiction, an appeal will necessarily lie to the Supreme Court or to the Court of Appeal, since, says the relator, the lowest limit of the jurisdiction of the Court of Appeal is established in language identical with that which fixes the lower limit of the jurisdiction of the Civil District Court. The language, although identical, does not give appellate jurisdiction in the face of the article fixing the lower limit at one hundred dollars.

We are not to infer that it was the purpose and intent to secure a right of appeal without words expressly conferring that right. The Constitution negatives this right by expressly fixing the lower limit at the amount before stated. True, the District Court has jurisdiction because that court *ex necessitate rei* could see to the execution of its own judgments and the proper distribution of a fund in the sheriff's hands.

But if, as the issues develop themselves in that court, they, in the end, involve an amount less than the lower limit of the jurisdiction of the Court of Appeal, the judgment regarding this amount would not be appealable.

For reasons assigned, the rule *nisi* is recalled and annulled, and relator's demand is denied and dismissed.