Freie vs. Luben, his Wife.

Rehearing refused.

---

No. 14,124.

HENRY FREIE VS. JOHANNA LUBEN, HIS WIFE.

SYLLABUS.

Where judgment has been rendered in the District Court in a suit for separation from bed and board, from which no appeal has been taken, a separate appeal will not lie to the Supreme Court from the decree of the District Court which taxes costs simply by reason of the character of that suit.

A PPEAL from the Civil District Court, Parish of Orleans.—*Sommerville, J.*

*Cooper & Walshe,* for Defendant, Plaintiff, in rule, Appellee.

*Albert Voorhies* and *John G. Robin,* for Plaintiff, Defendant, in rule, Appellant.

## STATEMENT OF THE CASE.

The opinion of the court was delivered by ·

NICHOLLS, C. J.   The defendant and appellee moves for the dismissal of this appeal on the ground, first: That the Supreme Court is without jurisdiction *ratione materiae,* the amount involved being less than two thousand dollars; second:   that the appeal herein taken is not from a final judgment, but solely from an interlocutory decree, which cannot be made the subject of a detached, special and separate appeal.

The plaintiff sued his wife for a separation from bed and board. She answered, setting up, additionally, a reconventional demand.   The District Judge, on May 1st, 1901, rendered judgment dismissing plaintiff's demand at his, and defendant's reconventional demand, at her costs.

In June, on suggestion of the defendant to the court that the judgment had become final and executory; that she had incurred costs in the defense of the suit to an amount of one hundred and one dollars and fifty cents, and that other costs would be incurred by her, plaintiff was ruled to show cause why the said amount of costs should not be taxed against him.

The court, after hearing evidence, made the rule absolute, and, accordingly, adjudged and decreed that the items of one hundred and one dollars and fifty cents be taxed as costs against the defendant in rule.   He obtained a suspensive appeal from this decree, and it is this appeal which is asked to be dismissed.

Both parties agree that the judgment in the suit for separation from bed and board is final.

Appellant urges, in support of the appeal, Article 85 of the Constitution of 1898, claiming that under that article the Supreme Court has exclusive jurisdiction over all suits for divorce and separation from bed and board, and over all matters arising therein.

He contends that the rule to tax costs is an incident of the original suit and inseparably connected with it, and that the Court of Appeals is without jurisdiction to regulate and enforce judgments in divorce or separation suits; also that the decree, though interlocutory, is appealable, as it works irreparable injury.   C. P. 566.

He refers the court to Iron Works vs. Rouss, 40th Ann., 121; to State *ex rel.* Cunningham vs. Lazarus, 40th Ann., 856; to Succession of Dougart, 42nd Ann., 517, and Delesdernier vs. Delesdernier, 45th Ann.,

1364. The appellee refers to the same cases, and adds to these Succession of Bly, 47th Ann., 219; Durward vs. Williams, 46th Ann., 708, and Learned vs. Walton, 42nd Ann., 453; Succession of Bogart, 42nd Ann., 516; State *ex rel.* Elder vs. Judge, 30th Ann., 229; Murphy vs. Murphy, 45th Ann., 1482, and Drew vs. His Creditors, 49th Ann., 1641.

She maintains that no appeal will lie from an interlocutory decree which has become final, or from which no suspensive appeal has been taken.

## OPINION.

This appeal must be dismissed. There can be no question as to the appellate jurisdiction of the Supreme Court in "suits" for divorce and separation from bed and board, and over all matters arising "therein," for Article 85 of the Constitution of 1898 is express to that effect; but this grant of jurisdiction does not destroy the rules and regulations and practice as to how and when that jurisdiction shall be exercised. The parties to the suit of Freie vs. Luben had the right to appeal from the final judgment therein suspensively or devolutively, as they might elect. Had either of such appeals been taken, the question of the costs therein would be before us on the appeal as costs, whether taxed simultaneously with the rendition of the judgment or later, constituted part of the judgment. (86 MV. 388.) Neither of the parties to the suit have thought proper to appeal from the judgment therein. The "suit" is no longer in existence.

The District Court has jurisdiction over the judgment therein now as it had always had. It is for the court, whether appellate or inferior, which rendered the judgment, to take cognizance of the manner of its execution, when the proper manner of executing it is to be determined. C. P. 629.

This court has never had the final judgment in the suit brought before it, and we are of the opinion that the matter of costs cannot be detached from the judgment, of which it forms part, to be made the subject of a separate "appeal" to this court simply by reason of the character of the suit in which they were incurred. As matters arise in different suits for divorce and separation from bed and board in respect to which relief from us is asked, we will dispose of the

same under their special facts and circumstances. Succession of Bly, 47th Ann., 220; Delesdernier vs. Delesdernier, 55th Ann., 1364.

For the reasons assigned, the appeal is dismissed.

Rehearing refused.

BLANCHARD, J., dissents, holding that this court having appellate jurisdiction under the Constitution of suits for separation from bed and board and of all matters "arising therein," an appeal on a rule to tax costs can come only to this court.

BREAUX, J., concurs in the above dissent.