(44 South. 136.)

No. 16,502.

ROBSON et al. v. BEASLEY et al.

JENKINS v. BEASLEY.

(June 10, 1907.)

APPEAL — JURISDICTION — AMOUNT IN CONTROVERSY.

The matter in dispute in this case is the amount of the costs due to the sheriff in a certain suit wherein the latter has seized and advertised, and was about to sell the property seized, when the judgment was satisfied by arrangement between the parties. The sheriff, dissatisfied with the amount awarded him thereafter by the district judge on a rule taken to tax his costs, has appealed to the Supreme Court.

Held, that that court, by reason of the amount involved, has no jurisdiction over the appeal. The litigation did not arise from any difference as to the construction of one of its own judgments in the execution thereof, but from the happening of an independent fact which arose after the writ of fi. fa. had been placed in the hands of the sheriff, and which extinguished the judgment.

(Syllabus by the Court.)

Appeal from First Judicial District Court, Parish of Caddo; Thomas Fletcher Bell, Judge.

Action by W. V. Robson and others against M. R. Beasley and husband and by A. F. Jenkins against M. R. Beasley. Motion by sheriff to have a certain amount taxed as costs. From an order rejecting his claim, the sheriff appeals. Dismissed.

See 43 South. 391, 118 La. 738.

Sutherlin & Barret, for appellant. Alexander & Wilkinson, for appellees W. V. Robson and others. Hall & Jack, for appellees M. R. Beasley and others.

NICHOLLS, J. This case was submitted to the district court upon the following agreed statement of facts:

In these cases it is admitted that writs of fieri facias on final judgments, each for more than $2,000, were in the hands of the coroner and acting sheriff for execution, and that the "Uni" plantation was seized and advertised for sale under writs to take place at the courthouse in Shreveport, on Saturday, the 15th day of December, A. D. 1906, and that on the day of sale, about the hour of 12:55 o'clock of said day, during the hours for public sheriff's sales, the plaintiff and defendant entered into a written agreement to adjourn the sale to Saturday the 29th of December, 1906, and so instructed the said coroner and acting sheriff, and the advertisement was changed to the 29th, and on that day, the 29th, during the hours for public sheriff's sale, the coroner went with said writs from his office in the courthouse to the portico of the courthouse, being the principal front door of the courthouse where sheriff's sales are usually made, to make said sale, and that Mr. Wilkinson, plaintiff's attorney, then told the coroner to wait a few minutes before making the sale, that the defendant might pay the debt, and that, at this suggestion or instruction of Mr. Wilkinson, the sheriff delayed the sale, and that pending the delay, and while the property was still under seizure and while the coroner was awaiting further instructions from plaintiff's attorney, within the next hour or two,

and pending the legal hours for sheriff's sale on that day, the defendant sold the property under seizure to L. E. Thomas, Thomas Crichton, and others, third persons, as purchasers at private sale, and made a deed of the property to the purchasers for $36,605.39, which was an amount sufficient to pay and cover the amount of the said two writs of seizure and sale, and that the defendant then made a deed to said purchasers for that amount, reciting in said deed such amount as a cash consideration of said sale, but the amount of cash paid by said purchasers was $13,605.39, and for the balance the said purchasers gave a special mortgage to plaintiffs due at three years on the property purchased. No money whatever went into or through the hands of the said coroner, sheriff, or was collected by him in cash, and the sheriff, coroner, was not party to the negotiations leading up to said sale, and no party to said sale or mortgage.

Under the state of facts so shown the sheriff appeared in court (in the matters in which the writs of fieri facias had issued), and averring that there was due him fees and commissions in the case amounting to $337, as shown by an itemized bill of fees, prayed the court to have the said amount taxed as costs in his favor, and made the judgment of the court, and that he be paid the same out of the property seized, or its proceeds.

The district court rejected his claim, and he has appealed.

Appellees have moved to dismiss the appeal on the ground that the matter and amount in dispute is not within the jurisdiction of this court; there being in contest therein less than $2,000, exclusive of interest and costs.

They refer the court in support of this motion to Succession of Duran, 34 La. Ann. 585, and Succession of Gohs, 37 La. Ann. 428, and Succession of Dougart, 42 La. Ann. 516, 7 South. 794.

The motion to tax which was made in this case was filed after the judgment had been satisfied. This litigation had its origin, not in any difference as to the construction of the judgment, but from the happening of an independent fact which arose after the writ had gone into the hands of the sheriff. We think the motion to dismiss is well grounded, and that we have no jurisdiction over the appeal. State v. Judges, 4 Rob. (La.) 85.

It is therefore ordered that the appeal be dismissed, unless appellant takes the proper steps towards having the cause transferred to the court of appeal by complying with the provisions of Act No. 56, p. 135, of 1904, in which event the cause is ordered to be transferred to that court.

See State ex rel. Building Association v. Judges, 106 La. 242, 30 South. 697; State ex rel. Johnson v. Judges, 107 La. 72, 31 South. 645; Freie v. Lubben, 107 La. 79, 31 South. 634; State ex rel. Young v. Sanders, Sheriff, 111 La. 192, 35 South. 509.