(50 South. 820.)

No. 17,809.

DEAL v. HODGE.

In re HODGE.

(Nov. 2, 1909.)

124 991
s124 999

APPEAL AND ERROR (§ 122*)—COURTS (§ 224*) — APPEALABLE JUDGMENT — PAYMENT OF COSTS.

The suit of Deal v. Hodge was an action brought under section 1419 of the Revised Statutes. Deal and Hodge were opposing candidates for the office of councilman of the city of Shreveport. Hodge was returned elected by the election officers. Deal contested the election, praying to be declared elected, and, in the alternative, that the election be set aside for irregularities. The issues were tried before a jury, which returned a verdict to the effect that the election was null for irregularities in the election proceedings and ordering a new election to take place. The district judge rendered judgment accordingly; but in the judgment ordered and decreed that the defendant should pay the costs. Defendant obtained a suspensive appeal to the Court of Appeal from that part of the judgment which condemned him to pay the costs. The Court of Appeal on motion dismissed the appeal. The present proceeding is to test the correctness of that judgment. *Held:*

That the judgment of the Court of Appeal dismissing the appeal was correct. No part of the judgment of the district court was appealable. The decree of the court condemning defendant to pay costs was an integral part of the judgment and could not be detached therefrom and made the subject of a separate partial appeal.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 60, 866–874; Dec. Dig. § 122;* Courts, Dec. Dig. § 224.*]

(Syllabus by the Court.)

Action by Charles Deal against Thomas G. Hodge. Judgment for plaintiff, and defendant appeals to the Court of Appeal, which dismissed the same, and he applies for certiorari or writ of review. Order to show cause. Granted.

See, also, 123 La. 369, 48 South. 999; 50 South. 823, post, p. 998.

E. W. Sutherlin, L. C. Butler, and H. C. Fisher, for plaintiff. Blanchard, Barrett & Smith and Hall & Jack, for applicant.

NICHOLLS, J. Plaintiff and defendant were opposing candidates for the office of councilman for the Ninth ward of the city of Shreveport at the election in November, 1908. Defendant was declared elected, and plaintiff contested the election, praying that he be decreed elected, and, in the alternative, that the election be decreed illegal and a new election ordered. The suit was brought under section 1419 of the Revised Statutes, and tried by a jury, which returned a verdict in which it declared the election null on account of irregularities and ordered a new election. A judgment was rendered by the district court in conformity to the verdict. By that judgment the defendant, Thomas G. Hodge, was ordered to pay all the costs of suit.

Defendant moved for a new trial on the ground that defendant, Hodge, should not have been condemned to pay the costs, but that the city of Shreveport should have been condemned to do so. The court overruled the motion and maintained the judgment as rendered. Hodge then moved the court for an appeal suspensive and devolutive from that part of the judgment which condemned him to pay costs, which he alleged had not yet been taxed, but which he averred exceeded the sum of $100. Mover asked that the appeal should be made returnable to the Court of Appeal at Shreveport.

The order of appeal was granted. The appellee moved in the Court of Appeal to dismiss the appeal on the grounds:

(1) That this case involved solely a contest between plaintiff and defendant for a municipal office, to wit, the office of councilman of trustee from the Ninth ward of the city of Shreveport, and that no salary, compensation or perquisites are provided for or attached to said office.

(2) "That defendant's application and motion for an appeal in said case only asked and prayed for an appeal from that part of the judgment which condemned defendant and appellant to pay the costs, and this appeal in this case was granted in pursuance of said motion and application only from that part of said judgment which condemned defendant and appellant to pay the costs; and that no appeal can legally be taken from such part only of such judgment; and that the costs in this case (which is not appealable on the main issue) cannot be made the basis of a separate appeal from that part

only of the judgment which condemned defendant and appellant to pay the costs."

(3) "That the laws of this state do not provide for, authorize, or allow an appeal in this case; and that this court is without appellate jurisdiction in this case in any way, either on the main issues involving the right to said municipal office, or on the incidental issue involving the liability for costs or any other issue."

The motion to dismiss was sustained, and the appeal was dismissed. Defendant then filed in this court the present application for a certiorari or writ of review to the Court of Appeal. This application so made was granted. The record has been brought up, and that judgment is now before this court for review.

The prayer in defendant's application for review reads:

"Petitioner prays that a writ of certiorari or review be granted and directed to the Court of Appeal, Second District of Louisiana, ordering said court to send up the record in this case, to the end that the errors of said court may be corrected and said case be reinstated on the docket of said court for hearing.

"In the alternative, petitioner prays, should this court be of the opinion that the case was not appealable, then that a writ of certiorari and prohibition be granted directed to the First district court, Hon. F. T. Bell, judge, ordering said judge to send up the record in order that the legality of the judgment rendered therein against defendant for costs may be inquired into, and prohibiting said court from taking any further action in the execution of said judgment until the matter be finally determined by the Supreme Court."

Defendant's application for the writs was assigned to the writer for action in vacation. The question at issue was an important one involving the appellate jurisdiction of the Court of Appeal of the state, and it was deemed proper that its decision should not be made to rest upon a decision of one of the Courts of Appeal (supposed inferentially to be supported as to its correctness by the refusal of a single justice to order the judgment to be sent to this court for review), but should be settled finally by direct action of this court. It was also deemed proper to have this court pass upon the proper course to pursue in reference to the alternative demand contained in

the application for a certiorari and prohibition to issue to the First district court for the parish of Caddo.

The defendant concedes that the case was not appealable on its merits. He contends: That the district judge in rendering judgment under the verdict went further than the jury, and wholly without authority of law condemned him to pay the costs; that no fault or wrongdoing was charged against him in the matter of the election; that the election was set aside solely by reason of irregularities on the part of the election commissioners over whose actions he had no control; that he did not bring the suit as plaintiff, but was forced into it as a defendant; that there is no salary or perquisites attached to the office of councilman of Shreveport; that it is against public policy that a citizen acting solely in discharge of his duty as a citizen should be charged with the costs of an action in which the public itself is the real party in interest; that he made an ineffectual effort to rectify matters through a motion for a new trial and the suspensive appeal taken by him to the Court of Appeal from that part of the judgment condemning him to pay costs amounting to over $100. He urges that the Court of Appeal erred in holding that it had no jurisdiction; that it is well settled that an appeal may be taken on question of costs alone. He maintains that, where the appeal is on the merits of the case, the question of costs as an incident thereto goes with the appeal on the merits; but where there is no appeal on the merits of a case, and the amounts involved are the costs alone, the case goes to the Supreme Court or the Court of Appeal, according as the amount of the costs gives the one court or the other jurisdiction; and that it is immaterial in such a case whether the costs be taxed simultaneously with the rendition of judgment and in the judgment itself, or later on a rule. He relies upon the cases of Robson v. Beasley, 119

La. 387, 44 South. 136, and Freie v. Luben, 107 La. 79, 31 South. 634, and refers the court to those cases.

In the brief on behalf of defendant, it is urged:

"That the Court of Appeal fell into the error of supposing that this case is governed by article 91 of the Code of Practice."

He insists that, while that article would have been applicable had he appealed from the merits of the case, it is different where he does not appeal from the judgment on the merits. He says that he does not contest the correctness of the judgment on the merits. He admits its correctness and concedes it is now final. He urges that the articles of the Code of Practice do not prohibit an appeal on the question of costs alone, where, as in the present case, the case is not appealable on the merits; that the Supreme Court has frequently sustained appeals from particular parts of judgment. He says that this case is covered by Robson v. Beasley, 119 La. 387, 44 South. 136, differing only in the fact that in this case there was no rule to tax costs; but he says: That such rule was not necessary, as the judgment on a rule would simply fix the amount which is not in dispute. That the plaintiff has never had the costs taxed.

"That the question involved herein is not what is the amount of the costs, but who is to pay them, and this was settled by the judgment itself; hence the appeal from that part of the judgment condemning defendant to pay the costs."

Defendant's counsel say:

"We understand that the sole question now before the Supreme Court is whether or not the Court of Appeal had jurisdiction."

Notwithstanding this declaration, counsel argue the question as to whether under the law the purpose of showing that the act of 1880, providing that the party cast in a contest for a state or parish office should pay the costs, does not cover a contest for a municipal office.

Defendant prays that the case be remanded to the Court of Appeal and ordered reinstated for hearing; but should this court determine that the Court of Appeal was not in error, in dismissing the appeal, he renews his alternative prayer for a writ of certiorari or prohibition to the district court.

In its opinion dismissing the appeal, it is stated that the costs in the suit amounted to over $500. The court cites article 98 of the Constitution, which fixes jurisdiction of the Courts of Appeal and article 91 of the Code of Practice, as prohibiting the consideration of either interest or costs in determining jurisdiction. The court said:

"In determining jurisdiction regard must be had to the conditions existing at the time of filing of the suit. When the present suit was filed, the question of costs was not a matter in dispute. It is true that appellate courts are frequently called upon to determine questions relating to costs; but this is because such matters are incidental to the thing in dispute over which they have jurisdiction. It might be (though this is doubtful) that we could review the judgment of the district court on an injunction to restrain an execution for the costs here involved, or possibly on a rule to tax costs, if it had not already been done. The latter contingency existed in the Beasley Case upon which counsel for defendant relies, and not, as in the case at bar, simply as a part of a judgment in case over which we have no jurisdiction. As we view the situation, counsel is asking at our hands the exercise of the supervisory control over the district court in order to correct an alleged error by the judge thereof. The Constitution has intrusted this power to the Supreme Court alone. If counsel are correct in their contention, the city (of Shreveport), and not the defendant, is liable for the costs. They have an adequate remedy, we think, of invoking the supervisory jurisdiction of the Supreme Court. For this reason the appeal is dismissed."

We are of the opinion that the judgment of the Court of Appeal sought to be reviewed is correct. The action brought by Deal was one unappealable either in whole or in part to the Court of Appeal. Rev. St. §§ 1422, 1423. The district court in rendering judgment in the case was not silent as to the question of costs, leaving that matter open to be determined under articles 523, 549, and 551 of the Code of Practice. By express de-

cree of the court the costs were thrown upon the defendant. The decree on that subject was an integral part of the judgment and could not be detached from it and made the subject of a separate partial appeal. Frith v. Pearce, 105 La. 199, 29 South. 809. If the district judge threw the costs upon one who under the law was not liable for them, he, in so doing, exceeded his authority. The party injured thereby was not without remedy; but the remedy would not be by appeal. The Court of Appeal correctly held that:

"Defendant, through an attempted appeal to it, was seeking to have it exercise supervisory control over the judgment of the district court, and that it had no such power under the Constitution."

Article 98 of the Constitution declares that, except as otherwise provided in that instrument, Courts of Appeal have appellate jurisdiction only. They have power, under article 104, to issue writs of mandamus, prohibition, and certiorari in aid of their appellate jurisdiction; but in this instance they have no such appellate jurisdiction. The judgment of the Court of Appeal herein sought to be reviewed was correct, and it is hereby affirmed, and the costs of the present proceeding are hereby decreed to be borne by the defendant. Having so decided, the next question is as to what course we should pursue in respect to defendant's alternative prayer for a writ of certiorari or prohibition to the First district court. We have presently the record of the case before us under the order heretofore rendered herein.

We think the proper action to be taken on the alternative prayer is to rule the judge of the First district court, Hon. T. F. Bell, to show cause why the writs of certiorari and prohibition should not be granted, and why the judgment of the said First judicial district court condemning the defendant, Thomas G. Hodge, to pay the costs in the matter of Charles Deal v. Thomas G. Hodge, should not be set aside and annulled as unauthorized by the law.

It is, accordingly, hereby ordered, to the end that the legality of the said judgment condemning said Hodge to pay costs be inquired into, that T. F. Bell, judge of the First judicial district court in and for the parish of Caddo, do show cause before this court the 15th day of November, 1909, at 11 o'clock, why the judgment of that court condemning Thomas G. Hodge, defendant in the case of Charles Deal v. Thomas G. Hodge, to pay the costs of that suit, should not be annulled, avoided, and reversed, and why said court should not be prohibited from taking any further action in the execution of said judgment. It is further ordered that, until further ordered, the said court be restrained in the execution of said judgment, in enforcing payment of the costs from said Hodge. It is further ordered that the parties be notified in the premises.