LE BLANC, Justice.
These two suits were consolidated on appeal. They are two separate and distinct suits, filed in separate divisions of the district court of East Baton Rouge Parish, each having been tried before and decided by a different judge.
They are both expropriation suits brought by the State of Louisiana on the relation of the Department of Highways. One is against Oliver S. LaBauve and Jane Poche LaBauve and the other against Oliver Cullen Harrell. In the LaBauve case the plaintiff was granted a right of way over and across the properties of the defendants for highway purposes upon payment to them of the sum of $22,467.05. -In the Harrell case there was a similar judgment for a right of way upon payment to the defendant of the sum of $27,631. No appeal was taken in the Harrell case and whilst an order for a devolutive appeal to this Court was granted in the LaBauve case, the appeal was never perfected and in due course the judgment in each case became final and was executed.
*333 In each case the State, through the Department of Highways, was taxed with the costs, the decree merely reading:
“It is further ordered, adjudged and decreed that the plaintiff pay all costs in this suit (or cause)
The parties were unable to agree on the amount of costs in both cases and thereupon the defendant in each filed a rule in which it is alleged that he or they have incurred various expenses in the trial of the case and that the plaintiff should be ordered to show cause why these should not be taxed as costs to be paid by it. After the rules had been filed in each case, there was a motion presented to the Court in the LaBauve case in which it is averred that in view of the fact that a similar rule was pending in the Harrell case and that the evidence in both rules would be largely the same and the legal questions involved, practically the same, the rule in the LaBauve case should be transferred to the division of the district court before which-the rule in the Harrell case was pending. The motion was granted and the transfer made. The trial of each rule was conducted before the same judge and submitted on a stipulation of counsel. Each however, was considered separately and a separate judgment and decree entered in each case. In the Harrell case plaintiff in rule claimed costs in the amount of $1,487.75 and in the LaBauve case, plaintiffs in rule claimed $916.85. By the judgment rendered in each case the rule in each was made absolute and in the Harrell case the sum of $792:75 was taxed as costs and in the LaBauve case, the sum of $491.85 was likewise taxed. Not satisfied with the amount awarded in either case the plaintiff in rule asked for and was granted an appeal to this Court in each case.
In a consolidated brief covering both cases, counsel for appellants, in their statement relative to appellate jurisdiction say that the rule for costs involves a sum in excess of $2,000 and therefore the jurisdiction of this Court attaches. Whilst it is true that the amount involved in both rules exceeds the sum of $2,000 that is clearly not so with respect to the amount involved in each. The question of our jurisdiction therefore suggested itself to the Court and it was stated that that matter would be taken under advisement.
We are readily convinced that jurisdiction cannot be established by the cu-> mulation of the amounts involved in , the¡. two separate rules which are before us on separate appeals from the judgment rendered in each case.
The same issue appeared in the case of State ex rel. Nunez v. Baynard and State ex rel. McBride v. Bayard, 203 La. 711, 14. So.2d 611, 613, wherein the Court stated:
“The consolidation of the two cases for the purpose of the trial does not confer upon this court jurisdiction over either case in which the court-■ would not otherwise have jurisdiction,—notwithstanding the amount in dis *335 pute in the consolidated cases is twice the amount in dispute in each case, and is more than $2,000. The consolidation of two or more cases for the purpose of trying them together, as one case, does not affect the question of jurisdiction of the court, so far as it is determined by the amount in dispute. In such cases the jurisdiction of the court is determined not by the total amount in dispute in both or all of the cases, but by the amount in dispute in each case, so far as the jurisdiction over each case is concerned.”
Thirteen cases are cited as authority in support of the ruling.
But it was argued by counsel for appellants that the appeal on the rule to tax costs follows the appeal in the main demand which, in each case, largely exceeded the sum of $2,000 and this brings each judgment within the appellate jurisdiction of this Court. This contention is without merit.
As was previously stated the judgment on the main demand in each case became final and was executed before the rules to tax costs were filed, and the jurisprudence of this State is clearly to the effect that whilst it is the rule that the costs in a suit follow the judgment before the time of its execution and if an appeal is taken before that time the costs then become incidental or ancillary to the main demand,, it is likewise the rule that after execution has taken place the question of costs comes before the Court as an independent issue and appellate jurisdiction is governed by the amount in dispute concerning the costs only.
In the early case of State v. Judge of the Parish Court of New Orleans, 4 Rob. 85, after a foreclosure proceeding had terminated, the attorney who had beep appointed to represent the absentee title holder of the mortgaged property took a rule on the seizing creditor to have his fee allowed as part of the costs of suit. The rule was made absolute and the trial Court awarded the sum of $250, the same to be taxed as costs. The seizing creditor not being satisfied with the judgment rendered on the rule asked for an appeal which was refused. He thereupon applied to this Court for a writ of mandamus to compel the lower court to grant the appeal. The argument was advanced that the costs which had been taxed must follow the judgment and should be considered as part of the original judgment, subject to be brought up by appeal. The Court rejected the contention stating that it is perfectly clear that had the original judgment been appealed from, the question relative to the taxed costs might have been inquired into on the appeal “but”, added the Court, “as we have already said, the principal judgment cannot now be appealed from, and we are not prepared to say that an incidental or interlocutory judgment, on a mere question of costs, can be examined *337 on appeal before this Court, without it being brought up with the whole case.”
More directly in point is the ruling in Succession of Dougart, 42 La.Ann. 516, 7 So. 794, 795, where the Court, on rehearing stated:
“In the instant case, the judgment homologating the amount [account] at the costs of the succession is not sought to be construed. It has received its execution, is defunct, and is not sought to be enforced. The only remnant of it, which is the matter now in dispute is the costs set up by the plaintiffs in rule, for $277.60 only, which were not fixed at the sum by the previous judgment, and to receive which they have instituted a new, independent proceeding, equivalent to a direct suit, in which from no aspect can the court render a judgment for an amount exceeding $2000, with costs, which it could have done in the case invoked [Factors’ & Traders’ Insurance Co. v. New Harbor Protection Co., 39 La.Ann. 583, 2 So. 407], with or without interest, with or without costs.”
Pertinent also to the question at issue before us are the cases of State ex rel. Mutual Building & Homestead Ass’n v. Judges of Court of Appeal for Parish of Orleans, 106 La. 241, 30 So. 697 and Robson v. Beasley, 119 La. 387, 44 So. 136. In the latter case, the syllabus which was by the Court and which reflects the reasoning in the opinion and the ruling made, is as follows:
“The matter in dispute in this case is the amount of the costs due to the sheriff in a certain suit wherein the latter has seized and advertised, and was about to sell the property seized, when the judgment was satisfied by arrangement between the parties. The sheriff dissatisfied with the amount awarded him thereafter by the district judge on a rule taken to tax his costs, has applied to the Supreme Court.
"Held, that that court, by reason of the amount involved, has no jurisdiction over the appeal. The litigation did not arise from any difference as to the construction of one of its own judgments in the execution thereof, but from the happening of an independent fact which arose after the writ of fi. fa. had been placed in the hands of the sheriff, and which extinguished the judgment.”
In support of their appeal to this Court, counsel for appellants refer us to the case of Barker v. Houssiere-Latreille Oil Co., 163 La. 555, 112 So. 415. In that case however an appeal on the main demand had been taken to this Court and the judgment of the lower court was affirmed. A controversy then arose between the parties over the interpretation of the decree of this Court as it related to costs and resulted in a rule being prosecuted in the lower court from the judgment on which an ap *339 peal was taken to and entertained by this Court notwithstanding the fact that the amount involved was below the sum of $2,000.
The difference between that case and the. present, as well as those referred to herein, is that there was involved an interpretation of a judgment rendered by this Court whereas in this case this Court is absolutely without information more than what is stated in this opinion concerning the main demand in the action and the judgment rendered thereon.- In the case relied on the Court distinctly stated that it is the final interpreter of its own decrees “and is vested with jurisdiction of a rule to tax costs included in its decree, whenever an issue is raised as to the proportion of costs to be, borne by the respective parties and a construction of a decree of this Court becomes necessary to determine that question.” No such situation is presently before us and the case is therefore inapposite.
From all the authorities discussed, it fol.lows that the rules taken herein are in the nature of new, independent proceedings, .“equivalent to direct suits” as stated in one the cited cases, and jurisdiction on appeal is governed by the amount in dispute each. As the amount in each is less than the sum of $2,000 this Court is without jurisdiction to consider the appeals. Const. .19,21, art. 7, § 10. Both cases will have to transferred to the proper appellate court. .separate order will be entered in each ..case, the one which follows to apply to the case of State of Louisiana, ex rel. Department of Highways v. LaBauve; No. 38, 975 of the docket of the Nineteenth Judicial District Court in and for the Parish of East Baton Rouge.
It is ordered, in conformity with the provisions of LSA-R.S. 13:4441, that that case entitled State of Louisiana ex rel. Department of Highways, No. 38,975 of the docket of the Ninteenth Judicial District Court in and for the Parish of East Baton Rouge be transferred to the Court of Appeal, First Circuit of Louisiana, within sixty days from the date on which this decree becomes final; otherwise the appeal to stand dismissed.