## Lockwood and Ladew *vs.* Thorne and others.

The rule seems to be, that when a party who receives an account current omits to make objections within a reasonable time, it shall so far be deemed to be an account stated, as to cast the burden of showing that it is erroneous, upon him.

What shall be considered a reasonable time for the party to make objections, so that the correctness of the account may be presumed from acquiescence, must depend upon the circumstances of each particular case, and be determined by the situation of the parties and the nature of their business.

It would be unreasonable, in the extreme, to apply the same rule to a mechanic or farmer which exists between merchants

The bare facts, that one party had sent to the other an account current, in which he admitted a balance against himself, and in favor of the other ; and, that the other had made a draft, at sight, upon the party rendering the account, for the amount so admitted to be due, directing the payment to be charged to his (the drawer's) account ; are not, of themselves, such evidence of his acquiescence in the correctness of the account so rendered, as to preclude him from disputing the propriety of deductions made against him in that account, or to prevent him from suing for the amount which he claims to be still due to him.   Parker, J. dissented.

Lockwood *v.* Thorne.

Motion to set aside report of referees. In the year 1846, the defendants, who were hide and leather merchants in New-York, furnished to the plaintiffs a large quantity of hides, to be tanned into leather. The plaintiffs agreed to tan the hides in a good and workmanlike manner, and to make them gain in weight, as much as good tanners make, from the same description of hides. The defendants agreed to pay for the tanning, five cents per pound, on six months' credit, from the return of the leather. On the first of February, 1847, the defendants made up an account current with the plaintiffs, in which they made the balance due to the plaintiffs, $5623,41. For this amount, the plaintiffs, on the 17th of February, made their draft, at sight, upon the defendants; which was presented and paid. The account current was forwarded to the plaintiffs, who resided in Ulster county, by mail. Among the charges against the plaintiffs, in this account, was one of $880,48, for "deficiency in gain of weight in tanning 4915 B. A. and M. V. hides—65 per cent gain of weight should return 173,494 of leather—deduct 162,488 weight of leather returned—deficiency of 11,006 lbs. at 13 cents per pound, $1430,78—less 5 cents per pound, for tanning, $550,30."

This action was brought to recover the balance, claimed by the plaintiffs, to be due for tanning the hides. The only question in dispute, was the charge of $880,48, for deficiency in weight. The plaintiffs insisted, that they were improperly charged with that item in the account rendered by the defendants. The declaration was for work, labor, &c. and the defendants pleaded the general issue, and gave notice that they would prove that the work, &c. was done under a contract for tanning the hides, and that it had not been performed in accordance with the stipulations of the contract, whereby the defendants had sustained damage, &c. Also, that an account had been stated between the parties, and the balance found due on such accounting had been fully paid and discharged.

The cause was referred, at the Ulster circuit, in April, 1848, and having been tried before the referees, they reported, on the

first day of December, 1848, that there was. due to the plaintiffs, $993,46.

*H. Hogeboom,* for the plaintiffs.

*R. W. Peckham,* for the defendants.

HARRIS, J. The single-question which this case presents relates to the effect of the account rendered by the defendants, and the draft made by the plaintiffs, for the balance due, as stated in that account. It is insisted by the defendants, that the circumstances appearing in this case show that the plaintiffs acquiesced in the correctness of the account which had been rendered ; and that the payment of the draft, was a settlement of the account. If this position can be maintained, there being no pretense that there was any fraud or mistake, it follows that this action can not be maintained.

An account stated, as defined by Lord Mansfield, (*Trueman v. Hurst,* 1 *T. R.* 40,) is an agreement, by both parties, that all the articles in the account are true. If one make up, and render to another, an account of their mutual dealings, it becomes, if admitted to be correct, a settlement, binding upon both. The balance stated may be sued for as a debt, upon the basis of an *insimul computassent.* So, without an express admission of the correctness of the account, the omission of the party receiving it, to make objections within a reasonable time, will be deemed an acquiescence in its correctness. The rule seems to be, that when a party who receives an account current, omits to make objections within a reasonable time, it shall so far be deemed to be an account stated, as to cast the burden of showing that it is erroneous, upon him. (*Murray* v. *Toland,* 3 *John. Ch. R.* 569. *Freeland* v. *Heron and al.* 7 *Cranch,* 147. 1 *Story's Eq. Jur.* § 528.) What shall be considered a reasonable time for the party to make objections, so that the correctness of the account may be presumed, from acquiescence, must depend upon the circumstances of each particular case. It is to be determined by the situation of the parties, and the

Lockwood *v.* Thorn

nature of their business. Between merchants, an account rendered is deemed to be stated, by acquiescence, when the party receiving it, has omitted repeated opportunities of stating his objections. It would be unreasonable, in the extreme, to apply the same rule to the mechanic, or the farmer. They are not to be presumed to know, nor should they be bound by, mercantile rules or usages.

The circumstances of this case, clearly are not such as to justify a presumption of the plaintiffs' acquiescence in the account rendered by the defendants, from mere lapse of time. That is not pretended. But it is claimed that the draft for the balance amounted to an agreement on the part of the plaintiffs, that the account was justly stated; and, in the absence of all proof of fraud or mistake, is conclusive upon them. But I do not think the draft, under the circumstances of the case, can properly be allowed to have this effect. I am satisfied, that it was never the intention of the plaintiffs to acquiesce in the charge for deficiency of weight. Nor do I think there is any thing in the case to show that the defendants ever so understood the plaintiffs. Whether the charge for a deficiency in weight was proper or not, the defendants acknowledged their indebtedness to the plaintiffs to the amount of the draft. Even if this suit had been commenced before the draft was drawn, and for aught that appears in this case, it may have been, the defendants would have been willing, without doubt, to pay the amount which they acknowledged to be due, and which, if not paid, the plaintiffs would, inevitably, have recovered. Such payment would save them from liability for interest, and, if successful in establishing their right to an allowance for the deficiency in weight, would also save them from paying the costs of the litigation.

In *Murray* v. *Toland,* above cited, the plaintiffs' agent had given, at the foot of the account, a receipt for a draft upon a third person for the balance of the account. But here the draft was drawn without any reference or allusion to the account. The only evidence that the plaintiffs had even seen it, is what may be derived from the coincidence of the draft, and the account, in amount. It does not purport to have been drawn for

Lockwood v. Thorne.

any balance due, or any sum stated in any account. On the contrary, the defendants are directed by the terms of the draft, to charge its payment to their account. It is not pretended that any receipt was given. In short, the transaction was precisely what it might, and probably would have been, had the parties been together, and, upon a full examination of their transactions, it had been agreed that the amount of this draft was due and should be paid to the plaintiffs ; but that the charge in respect to the deficiency of weight should be left to be determined, upon litigation, according to the legal rights of the parties. Hence it is, that the defendant's book-keeper says, " the only matter in dispute between the parties is, the charge of $880,48, for loss in weight." There was nothing, therefore, in the making of the draft, or its payment, which should conclude the plaintiffs, in respect to the matter in question. There is no evidence that the plaintiffs ever intended to accept the amount of the draft as the true balance due them. Had it been offered by the defendants as a payment of such balance, it would, undoubtedly, have been rejected. The mere fact that they made their draft for a debt which was admitted to be due them, while, perhaps at the very same time, they brought their action to recover a further amount not admitted, ought not to bar a recovery of such further amount, if legally established.

Whether or not the defendants had established their right to charge the plaintiffs for a deficiency in the weight of the leather, was wholly a question of fact to be decided by the referees. It is not for the court to say, whether, if it had been acting in their place, it would have decided as they did. It is enough, to see that there was conflicting evidence upon the question which called for the decision of the referees upon its weight and value. With that decision it is not the province of the court to interfere. I think, therefore, that the motion to set aside the report should be denied.

WRIGHT, J. concurred. PARKER, J. dissented.

Motion denied.

[ALBANY GENERAL TERM, February 2, 1852. Parker, Wright and Harris, Justices.]