## LITTLE v. OKLAHOMA RAILWAY CO.

No. 13365—Opinion Filed Feb. 19, 1924.

1. **Street Railroads—Contract as to Service and Rates—Invalidity.**

A contract between a street car company and another party to regulate service and fix the fares for transporting passengers is a nonenforceable contract.

2. **Same—Contract Valid in Part.**

Where the parties make a contract involving service and fares, the presumption must be indulged that they knew such contract nonenforceable, as these items are subject to change and regulation by the Corporation Commission, and where a contract is made involving these items, neither party can take advantage of any change in these items by the Corporation Commission to avoid the contract otherwise enforceable.

3. **Judgment Sustained.**

The record examined, and held sufficient to support the judgment on demurrer.

(Syllabus by Threadgill, C.)

Commissioners' Opinion, Division No. 3.

Error from District Court, Oklahoma County; James I. Phelps, Judge.

Action by William Little against Oklahoma Railroad Company, a corporation. Judgment for defendant, and plaintiff brings error. Affirmed.

Wm. A. Smith and Sam Hooker, for plaintiff in error.

Shartel, Dudley & Shartel, for defendant in error.

Opinion by THREADGILL, C. Plaintiff in error, as plaintiff, on April 21, 1921, commenced this action against the Oklahoma Railway Company, a corporation, and Anton H. Classen, as defendants, to recover the value of the 36¼ acres of land situated in S.E.¼ of S.W.¼ of section 32, township 11 north, range 3 west, Oklahoma county. Upon demurrer the cause was dismissed against Classen.

The facts as shown by the pleadings and the evidence are substantially as follows:

In 1909 and prior thereto the defendant owned a street car system in Oklahoma City, and had extended it south of the city, a short distance to Shields boulevard, and had in prospect an extension of the line to Norman. Just south of Shields boulevard the plaintiff owned and occupied 140 acres of land in the S.W.¼ of section 22, in above described township and range, which he used for farming and dairying

purposes. He desired to turn his farm into a suburban addition to Oklahoma City and obtain the benefits of increased valuation thereby, and have the advantages of the street car system for this purpose. With these two objects in view the plaintiff and the Oklahoma City Suburban Railroad Company, on November 17, 1909, entered into a written contract in which it was agreed that the plaintiff would furnish the company a 60-foot right of way from north to south across his land, and 35 feet on each side of the right of way for roadways, parking, and sidewalks, and upon the completion of the road and placing it in operation, through his land, within six months he agreed to deed to the company 36¼ acres above described as the land in controversy. The company agreed to render the same service as mantained on Shields boulevard and charge a 5c passenger fare. The plaintiff's land had a mortgage against it for $3,000 which the company paid off. The land at that time was valued at about $100 an acre. The parties proceeded to lay off and plat the east 80 acre tract of the quarter section into a town-site addition and place the same on the market for sale. The road was completed in due time, and August 26, 1911, by written contract the defendant took the place of the Oklahoma City Suburban Railroad Company in the contract, and the plaintiff deeded the 36¼ acres of land for its use and benefit. The plaintiff sold all his part of the platted 80 acres except lots and blocks amounting to about 12 acres, and the defendant sold all its part of the tract, and the value of the lots had been about $60 each, and many homes had been built, turning the eastern part of plaintiff's farm into town life, adding value to the land and neighborhood in many ways, and furnishing patrons to the street car enterprise. The street car line was extended to Norman and cars operated daily on schedule time as provided by the laws of the state. Plaintiff testified, with the testimony of some others, that the defendant during the last four or five years before he brought suit failed to give the same service it gave to Shields addition, that the interurban cars stopped in Shields addition but did not stop in his addition, that local cars would come out as far as 38th street, being the south boundary of Shields addition and north boundary of his land, and since about September 10, 1920, the defendant had raised its fare to 10c on the interurban cars and 7c on local cars or the cars to Needham station. There was testimony as to other grievances in the matter of refusing to take on passengers to their inconvenience, but this testimony was rather

indefinite. It also appears that the defendant maintained the 5c fare until September 10, 1920, when, upon its application, the Corporation Commission, by order, fixed the fare at 10c on the interurban cars, and 7c or 4 tickets for 25c for the local cars, with certain special rates for children.

The plaintiff contended that the principal consideration for the 36¼ acres of land was the service which defendant was to furnish, and the 5c fare it was to maintain and since this had failed, although by act of law, the consideration for this property had failed and he was entitled to the return of the property or its value in the sum of $21,750, with six per cent. from September 10, 1920, and upon this theory brings this action.

Plaintiff states the facts in his petition and attaches copies of the contract. The defendant filed a demurrer, which being overruled, it filed its answer, admitting the contract, but denying liability on the ground that rates and service of the company are fixed by law and not by contract. That the other considerations in the contract are sufficient to sustain the conveyance without the rates and service therein stated; that the plaintiff was not damaged; that it had paid off the $3,000 mortgage against his land, and his property had greatly increased in value as the result of the street car enterprise. The plaintiff replied denying that the defendant paid off the mortgage. The issues were tried to the court and jury and at the close of plaintiff's evidence defendant interposed a demurrer to the same which was sustained, and plaintiff appealed by petition in error and case-made.

The plaintiff raises but one question for our consideration, and that is, whether or not he is entitled to recover on the ground that the items of service and fare, as part of the consideration in the contract for the 36¼ acres of land, were nonenforceable considerations, being subject to regulation by law, on the theory that both law and equity will require the return of property obtained without consideration.

If the facts in the case sustained the plaintiff's premise, we would agree with his argument in general and be constrained to reverse the judgment of the trial court, but the facts, as disclosed by the record, do not sustain his proposition. It is admitted that the contract is ultra vires as to the service and fares of the defendant, that these items were beyond the power of the parties to regulate by contract, and this part of the contract is nonenforceable. City of Durant v. Consumers Light & Power Co., 71 Oklahoma, 177 Pac. 361; City of Bartlesville

v. Corporation Commission, 82 Okla. 160, 199 Pac. 396; Pawhuska Oil & Gas Company v. Pawhuska, 64 Okla. 214, 166 Pac. 1058.

If the items of service and fare were the only consideration moving to the plaintiff from the defendant by which the defendant obtained title and possession of the land in controversy and there was a total failure of consideration in this respect, we would be disposed to agree with plaintiff's contention on the authorities cited as follows: City of Los Angeles v. City Bank (Cal.) 34 Pac. 510; Central Transportation Company v. Pullman Palace Company, 139 U. S. 24, 35 L. Ed. 55; 10 Cyc. pages 1154, 1155; Barnes v. Lynch, 9 Okla. 11, 59 Pac. 995; City of Parkersburg v. Brown, 106 U. S. 487, 27 L. Ed. 245; The Pittsburg, Cinn. & St. Louis Ry. Co. v. Keokuk & Hamilton Bridge Company et al., 33 L. Ed. 157.

But the same services that were to be given to Shields addition and a 5c fare were the least important parts of the consideration in the contract and transaction. The plaintiff would be sure and did obtain for a long time the service and fare contended for and a reasonable service and reasonable fare in 1920, as fixed by the Corporation Commission, and the contract was evidently made with reference to the profits to be made out of the town-site and increased value of the land, and at the time of change in service and fare by the Corporation Commission the plaintiff had disposed of all the town-site property except about 12 acres, and at a price of about $500 per acre, and the balance, not disposed of, was worth about the same price. There was not a total failure of the consideration, even in the matter of service and fare, only a change, as fixed by law, which must be presumed to be reasonable and just to all parties concerned. There was the general street car enterprise, through the land of the plaintiff, and the town-site project, which the parties laid off and platted together, and not until after all this was done did the plaintiff deed the 36¼ acres to the defendant. Eliminating the items of service and fare from the contract as nonenforceable considerations and relying upon the provisions of law to provide adequate service and reasonable fare to the plaintiff and persons of his neighborhood, there is still sufficient consideration to support the legality of the conveyance and the plaintiff was benefited by the transaction.

At the time the parties contracted, the presumption must be indulged that they knew they could not make an enforceable contract for definite services and fares, that any agreement as to these matters was subject to change and regulation by the Corporation Commission, and when a contract is made involving these items, neither party can take advantage of any change in them by the Corporation Commission to avoid the contract otherwise enforceable.

It is not necessary to take up time discussing illegal, void, and ultra vires contracts in disposing of the question based upon the contract and all the facts and circumstances of this action. From the foregoing observations, we think the judgment of the trial court should be affirmed.

By the Court: It is so ordered.