Note.—See under (1) 31 Cyc. p. 465. (2) 27 Cyc. p. 739. (3) 27 Cyc. p. 736. (4) 27 Cyc. p. 736 (Anno).

---

## CITY OF TULSA v. OKLAHOMA NATURAL GAS CO.

No. 16178—Opinion Filed May 4. 1926.

Rehearing Denied Jan. 25, 1927.

**1. Gas—Claim Against City for Gas Service not Subject to Charter Provisions Relating to Contracts.**

In an action by a gas company against a city for furnishing gas, the requirements of the city charter providing the mode of contracting by the city and relating to the management, control, and manner of disbursing the funds of the city, has no application to a claim for gas furnished to the city as an ordinary patron of the gas company.

**2. Evidence—Account Stated—Admission by Failure to Object.**

Where one party sends to another, with whom dealings have been had, a statement of account, showing the amount or balance claimed to be due, and a partial payment is made upon the claim after the presentation of same and no objection to the account as stated is made within a reasonable time, such payment, acquiescence, and failure to object is taken as an admission that the account has been correctly stated and avoids the necessity of introducing in evidence the books of original entry, unless timely de-

mand is made that the books of original entry be produced.

### 3. Gas—Public Utility — Invalidity of Rate Regulation in City Franchise.

Where, in a city ordinance, a franchise is granted to a gas company, giving to said company permission to lay its gas lines throughout the city, and, among other conditions contained in the ordinance, provides that the price of gas shall at no time exceed 25 cents per 1,000 feet, held, such provision is nonenforceable in this state under the laws governing public utilities.

(Syllabus by Jones, C.)

Commissioners' Opinion, Division No. 3.

Error from District Court, Tulsa County; W. B. Williams, Judge.

Action by the Oklahoma Natural Gas Company against the City of Tulsa. Judgment for plaintiff, and defendant brings error. Affirmed.

H. O. Bland, Harry L. S. Halley, and I. J. Underwood, for plaintiff in error

Humphrey & Campbell, for defendant in error.

Opinion by JONES, C. This action was instituted in the district court of Tulsa county, Okla., by defendant in error, as plaintiff, against the plaintiff in error, as defendant, wherein plaintiff sought to recover the sum of $1,071.65, with interest, for gas which was alleged to have been furnished to the defendant, city of Tulsa, for its municipal building, from January 31, 1921, to October 30, 1922, which amounted to $1,204.25, upon which it is alleged there had been a payment of $132.60, leaving a balance due of the amount sued for.

Defendant filed its amended answer, generally denying each and every allegation contained in plaintiff's petition, and specifically denying that the account attached to the petition of the plaintiff herein is true and correct, or that there is anything due and owing the plaintiff on this account.

It seems that the gas meter in the municipal building of defendant had been covered with coal, during the time in whi h this indebtedness had accumulated for gas used in heating said building, and by reason of this condition of the meter no reading of same was had during the interval herein named.

On the trial of the case, judgment was rendered for the plaintiff and against the defendant, for the amount sued for, from which judgment the defendant prosecutes this appeal, and sets forth numerous assignmen's of error, but in its brief groups all of the assignments of error under three heads or propositions:

First, that the judgment was contrary to law, and in support of this position cites certain paragraphs of the charter of defendant, city of Tulsa, as follows:

"No contract shall be entered into by the board of commissioners until after an appropriation has been made therefor, nor in excess of the amount appropriated, and all contracts shall be made upon specifications, and no contract shall be binding upon the city unless it has been signed by the mayor and countersigned by the auditor, and the expense thereof charged to the proper appropriation; and whenever the contract charged to any appropriation equals the amount of said appropriation, no further contracts shall be countersigned by the auditor."

The provisions of the charter further provide that all contracts involving an outlay of as much as $500 shall be based upon specifications made and approved by the board of commissioners, etc., and also provide for the publication of notices for proposed work or projects looking to any improvements made by the city, and for sealed bids. The ordinance is such as is generally found in city charters, and simply provides the mode of procedure for the constituted authorities of the municipality in contracting on the part of the city. Appellant cites the case of United States Rubber Co. v. City of Tulsa, 103 Okla. 163, 229 Pac. 771, wherein the provisions of the charter cited were construed and upheld by this court, and also cites numerous other authorities to the same effect; but we are inclined to the opinion that this line of authorities has no application to transactions of the character here involved. This court seems to have passed on a very similar matter in the case of City of Tulsa v. Oklahoma Natural Gas Co., 109 Okla. 43, 234 Pac. 588, and in the case of Hoffman v. County Commissioners, 3 Okla. 325, 41 Pac. 566, the court announced the following rule:

"A municipal corporation has the implied power to incur indebtedness whenever it is necessary to do so to carry out any power conferred upon it, unless the contract of said indebtedness is prohibited by statute."

And in the case of Little v. Oklahoma Railway Co., 97 Okla. 286, 223 Pac. 692, this court said:

"A contract between a street car company and another party to regulate service and fix the fares for transporting passengers is a nonenforceable contract."

We think the case of the City of Tulsa v. Oklahoma Natural Gas Co., supra, is decisive of the rule of law which should govern this case. It is obvious that the city of Tulsa and the Oklahoma Natural Gas Company could have entered into no binding contract concerning the furnishing of gas. The constituted authorities of the city of Tulsa were necessarily obligated, regardless of any specific contractual relations, to furnish heat for their municipal building, and likewise the Oklahoma Natural Gas Company, being a common carrier of gas and a public utility corporation, was necessarily bound to furnish gas to the city of Tulsa upon request. There is an implied contract that the city will pay for it, having required or permitted the gas company to make proper connections, and to make an outlay of expenditures necessary for making these connections. The rights of neither party to this controversy are controlled or can be controlled by reason of any private contract entered into. The law determines the duty and the right of each party, and the Corporation Commission of this state, under the law, has authority to regulate and control the sale of gas—require the gas company to perform its duty as a public service corporation or a public utility, and likewise has the right to determine the price that should be paid for the gas by the consumer. The principle here involved is so elementary that we deem it unnecessary to cite authorities.

The second proposition urged is that the court committed error in permitting certain evidence to be introduced on the part of the plaintiff to establish its claim. Upon the trial of the case the plaintiff did not offer the original slip upon which the meter reading was made, nor its original book of entry, but introduced the verified statement which purported to be a copy of the record, and which had been formerly presented to the mayor and city commissioners of the appellant, and upon which there had been a payment made of one hundred-thirty odd dollars.

This claim and the payment were made some weeks prior to the institution of this suit, and we think that the trial court was justified in treating it as an account stated, and this rule seems to be permissible as announced in the case of Lamont Mercantile Co. v. Piburn, 51 Okla. 618, 152 Pac. 112:

"Where one party sends to another, with whom dealings have been had, a statement of account, showing the balance claimed to be due, and such statement is received by such party, but is not replied to or objected to within a reasonable time, such acquiescence and failure to object is taken as an admission that the account has been correctly stated."

And the same rule is upheld in the case of Archibald Freeland v. Heron, Lenox & Co., 7 Cranch, 147, 3 L. Ed. 297:

"An account current sent by a foreign merchant to a merchant in this country, and not objected to for two years, is deemed an account stated, and throws the burden of proof upon him who received and kept it without objection."

We think, under these authorities, in view of the facts disclosed by the evidence in this case, that the claim had been duly presented to the mayor and city commissioners, who at the time of its presentation admitted the correctness of the account stated, and said they would pay what they could, and that the balance would have to be reduced to judgment, together with the payment made, this was a sufficient admission to authorize the introduction of the verified statement as an account stated, and is sufficient evidence of the claim to establish a prima facie case. It is true that the defendant objected to the introduction of much of the evidence offered by the plaintiff, and also objected to the statement of the mayor, to the effect that they owed the account, because it was not responsive to the question asked, which objection was overruled and no motion to strike was made, and the statement of the mayor appears to have been made in the presence of the entire commission, and at a time when they were in session as a commission, and from an examination of the entire proceedings it does not appear that there was any serious controversy as to the correctness of the account. The general rules of evidence governing the introduction of secondary evidence should not be more strictly applied in cases of this character, where merely the readings of a gas meter are involved, the gas meter being in the possession of the defendant, and subject to be read by anyone. present a different condition, than in cases where the evidence is contained in private books and records which are in the exclusive possession, control, and dominion of the plaintiff, or the party offering to make proof of same, is involved.

The third proposition urged by the appellant is that the court committed error in refusing to admit certain evidence offered by the appellant in the trial of the case, which has reference to an attempt on the part of defendant to offer a gas franchise granted by the city of Tulsa, many years

prior to the institution of this suit, wherein the price of gas was limited to 25 cents per 1,000 cubic feet, but such a provision is not enforceable, and there is no virtue in this contention, and we are inclined to the opinion that no reversible error was committed in the trial of this case, and therefore find that the same should be affirmed.

By the Court: It is so ordered.

Note.—See under (1) 28 Cyc. pp. 666, 672. (2) 1 C. J. p. 689 §271; p. 729 §402; 1 R. C. L. p. 213; 1 R. C. L. Supp. p. 67; 4 R. C. L. Supp. p. 13; 5 R. C. L. Supp. p. 8. (3) 28 C. J. p. 573 §37.