[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 18-13522

_____

D.C. Docket No. 2:18-cv-00143-SPC-CM

ADAM LACROIX,
an individual,

Plaintiff - Appellant,

versus

LEE COUNTY, FLORIDA,
JAMES DRZYMALA,
in his individual capacity while acting as an officer
for the Lee County, Florida, Sheriff's Office,

Defendants - Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(July 10, 2020)

Before BRANCH, LUCK, and ED CARNES, Circuit Judges.

PER CURIAM:

Adam LaCroix appeals the denial of a preliminary injunction which sought to prevent Lee County, Florida, and Lee County Officer James Drzymala from enforcing the County's Trespass Policy and Special Events Permitting Ordinance. The district court concluded that LaCroix lacked standing to pursue preliminary injunctive relief because he has failed to show that he has suffered, or will suffer, an injury in fact or that it is substantially likely that such an injury would be redressed by an injunction. The district court also determined that even if LaCroix had standing, he was not entitled to a preliminary injunction in light of his delay in filing this lawsuit. After reviewing the record, we affirm on the basis that LaCroix lacks standing.

## I.  BACKGROUND

LaCroix is a street preacher who discusses his faith and Biblical principles of sexual morality outside various venues in Lee County, Florida. On April 29, 2017, LaCroix was preaching at JetBlue Park, a sports complex in Lee County. The property is owned by Lee County and NESV Florida Real Estate LLC, but Lee County leases its portions of the property exclusively to the Boston Red Sox Baseball Club for use as a spring training facility and other activities. On the day in question, the Red Sox and NESV Florida Real Estate allowed, based on a permit

issued under Lee County's Special Events Permitting Ordinance, a private entity to use the property for the Fort Rock music concert. The concert organizer requested that the Lee County Sheriff's Office allow only concert patrons to enter the property. LaCroix was preaching on the JetBlue Property when Officer Drzymala approached him with a concert organizer, who demanded that LaCroix leave. Officer Drzymala informed Lacroix that if he did not move, he would be arrested for trespass. LaCroix does not specify in his complaint whether he moved or was arrested.

On March 5, 2018, LaCroix filed this action against Lee County and Officer Drzymala seeking damages, declaratory relief, and injunctive relief. LaCroix's verified complaint alleges that Lee County's Trespass Policy for county-owned property and its Special Event Permitting Ordinance are unconstitutional both facially and as applied under the Free Speech Clause and the Free Exercise Clause of the First Amendment. The complaint also alleges that the County failed to train and supervise its officers about enforcing the Ordinance in a manner comporting with the Constitution. LaCroix then moved for a preliminary injunction enjoining the County and Officer Drzymala from enforcing the Trespass Policy or the Ordinance. The district court denied the motion after concluding that LaCroix lacked standing because he failed to meet his burden of establishing injury in fact and redressability. The district court further determined that even if LaCroix had

3

standing, he was not entitled to a preliminary injunction because he waited over a year before filing for a preliminary injunction.

## II.    STANDARD OF REVIEW

This Court reviews questions of standing de novo.  AT&T Mobility, LLC v. Nat'l Ass'n for Stock Car Auto Racing, Inc., 494 F.3d 1356, 1360 (11th Cir. 2007).

## III.    DISCUSSION

The district court denied LaCroix's motion for a preliminary injunction because it concluded that (1) he lacked standing, and (2) he was not entitled to an injunction in any event.  For the reasons that follow, we affirm the district court's decision on the ground that LaCroix lacked standing—specifically, that he failed to allege an injury in fact—with respect to his claim for injunctive relief.

The "case or controversy" requirement of Article III requires that a plaintiff have standing to bring a claim in federal court.  U.S. Const. art. III, § 2, cl. 1; Warth v. Seldin, 422 U.S. 490, 498–99 (1975).  Article III standing has three elements: (1) "the plaintiff must have suffered an injury in fact—an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical"; (2) "there must be a causal connection between the injury and the conduct complained of—the injury has to be fairly . . . trace[able]  to the challenged action of the defendant, and not . . . th[e] result [of] the independent action of some third party not before the court"; and (3) "it must

be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." Lujan v. Defs. of Wildlife, 504 U.S. 555, 560–61 (1992) (quotation marks and citations omitted). "[A] plaintiff must demonstrate standing for each claim he seeks to press and for each form of relief that is sought." Davis v. Fed. Election Comm'n, 554 U.S. 724, 734 (2008) (quoting DaimlerChrysler Corp. v. Cuno, 547 U.S. 332, 352 (2006)) (quotation marks omitted). We need look no further than the injury-in-fact element here.

To meet the injury-in-fact requirement for purposes of seeking injunctive relief, a plaintiff "must allege facts from which it appears there is a substantial likelihood that he will suffer injury in the future." Malowney v. Fed. Collection Deposit Grp., 193 F.3d 1342, 1346 (11th Cir. 1999). "[T]he injury requirement is most loosely applied—particularly in terms of how directly the injury must result from the challenged governmental action—where First Amendment rights are involved, because of the fear that free speech will be chilled even before the law, regulation, or policy is enforced." Pittman v. Cole, 267 F.3d 1269, 1283 (11th Cir. 2001) (quoting Hallandale Prof'l Fire Fighters Local 2238 v. City of Hallandale, 922 F.2d 756, 760 (11th Cir. 1991)). But the plaintiff must still demonstrate "an unambiguous intention at a reasonably foreseeable time to engage in a course of conduct arguably affected with a constitutional interest." Bloedorn v. Grube, 631 F.3d 1218, 1228 (11th Cir. 2011); see also Susan B. Anthony List v. Driehaus, 573

U.S. 149, 162 (2014) (applying the well-worn rule described in Bloedorn as a convenient three-part test).

LaCroix argues that he has established injury in fact because he stated in his verified complaint that "[o]n upcoming days—including but not limited to days in January 2018 through December 2021—[he] has concrete plans to engage in his constitutionally protected activities by peacefully expressing religious, political, and social speech within the County's Public Spaces located in the County."[1]  He also averred that he "desires to continue his peaceful activities without being incarcerated or cited" and that, "[a]s a direct and proximate result of the Defendants' prior enforcement of the Policy and Ordinance, [he] is unsure of his ability to exercise his constitutionally protected activities and fears arrest and incarceration."

The district court concluded that LaCroix's stated intention to preach again was too speculative to establish an injury in fact regarding either the trespass Policy or the Ordinance.  Specifically, the district court found that LaCroix had failed to explain why the Policy is a content-based regulation that would restrict his prospective free speech activity, and further that he failed to provide the "expected

---

[1] The County argues that the allegations in LaCroix's complaint cannot be used to establish standing because standing "cannot be 'inferred argumentatively from averments in the pleadings,'" FW/PBS, Inc. v. City of Dallas, 493 U.S. 215, 231 (1990) (quoting Grace v. Am. Cent. Ins. Co., 109 U.S. 278, 284 (1883)).  However, LaCroix filed a verified complaint, which can serve as an affidavit under 28 U.S.C. § 1746.

times, topics, locations, or surrounding context" of his future free speech activity. As for the Ordinance, the district court found that LaCroix failed to allege that he had plans to apply for a permit or that he planned to return to forums hosting permitted events. We affirm the district court's holding as to both the Policy and Ordinance but on a much narrower basis for each.

"Where we have found a sufficient imminence of future harm based on past injury, the plaintiff has alleged with particularity that a future injury would likely occur in substantially the same manner as the previous injury." Elend v. Basham, 471 F.3d 1199, 1208 (11th Cir. 2006). For example, in Bloedorn v. Grube, this Court held that a Christian evangelical preacher suffered a concrete, imminent injury in fact because he had been arrested for failure to comply with a university speech policy and averred that he wanted to proselytize on the campus again but had not done so for fear of re-arrest. 631 F.3d 1218, 1229 (11th Cir. 2011). We explained that "there [was] every indication that [the university] would re-arrest Bloedorn if he returned to campus to speak." Id. at 1229. As a result, we found that Bloedorn had established "an injury in fact that is actual, concrete, and particularized." Id. Similarly, in Bischoff v. Osceola County, we found standing where the plaintiffs had specifically alleged that they were told to stop distributing handbills at a particular intersection, they were threatened with arrest, their colleagues were arrested at that location, and they intended to return to the same

7

location to distribute handbills.  See generally Bischoff, 222 F.3d 874 (11th Cir. 2000).

In contrast, we have found standing lacking when the plaintiff failed to allege with particularity the location at which he would likely incur a future injury. For example, in Elend, the plaintiffs alleged that they intended to protest "in concert with presidential appearances at the USF Sun Dome and at other locations around the country."  471 F.3d at 1209.  This Court explained that, "unlike in Bischoff," it was not known "exactly *where* the activists intended to demonstrate . . . ."  Id. (emphasis added).  This Court determined that, given the speculative inquiry of whether the plaintiffs would protest again and "the unspecified details of where, . . . at what type of event, with what number of people," and under what conditions the protest would take place, the plaintiffs had failed to establish injury in fact.  Id. at 1206–07.

LaCroix has failed to provide the location of his future free speech activity with the requisite specificity to demonstrate a substantial likelihood of future injury.  Unlike in Bischoff and Bloedorn, where the plaintiffs intended to demonstrate at specific locations, LaCroix has only generally stated that he intends to preach in public places in Lee County.  Although LaCroix provides more limitations on where his conduct might occur than the plaintiffs in Elend, who intended to protest at various locations in the United States, his claim falls short of

alleging with particularity a substantial likelihood of injury. LaCroix's claims of a "substantial likelihood" of future injury inflicted by Officer Drzymala fail for a similar reason. He has not alleged that Officer Drzymala regularly enforces the Trespass Policy, that he regularly works in areas that LaCroix frequents, or that he has any supervisory authority over other officers.

LaCroix attempts to fix this problem by suggesting that by pleading his intent to preach at public places in Lee County, he *really* meant JetBlue Park, the same place he had preached on three previous occasions. We cannot condone LaCroix's attempt to rewrite his complaint on appeal merely because he was dissatisfied with the outcome it produced below; he was the "proverbial master of [his] complaint" and making the choice to plead as he did was "entirely [his] prerogative." See U.S. Nutraceuticals, LLC v. Cyanotech Corp., 769 F.3d 1308, 1314 (11th Cir. 2014).

As for the Ordinance, LaCroix argues that he has shown an injury in fact because he has alleged that he will be subject to the Ordinance. This would be a viable argument if it actually applied to this specific factual context. We have held that "a plaintiff has standing to facially challenge a law that allegedly grants unbridled discretion as long as the plaintiff 'is subject to' or 'imminently will be subject to' that particular law." Barrett v. Walker Cty. Sch. Dist., 872 F.3d 1209, 1220 (11th Cir. 2017) (quoting CAMP Legal Def. Fund, Inc. v. City of Atlanta,

9

451 F.3d 1257, 1274 (11th Cir. 2006)). In Barrett, the plaintiff challenged a policy of limiting who may speak at county school board meetings as granting unbridled discretion to the superintendent. Id. at 1215, 1219. This Court concluded that the plaintiff had standing even though he had not sought permission to speak at an upcoming meeting because he had spoken at meetings in the past and had a concrete intention to do so in the future. Id. at 1221.

But unlike the plaintiff in Barrett, LaCroix has not shown that he is "subject to" or "imminently will be subject to" the Permitting Ordinance. Barrett, 872 F.3d at 1274. He has not averred that he intends to preach specifically at permitted events in Lee County in the future. Although his statement that he intends to preach on public property could, in certain situations, include public property for which a private entity obtained a permit, it is too speculative whether any location on which LaCroix preaches in the future would be subject to a special event permit. See Lujan, 504 U.S. at 560–61 (injury in fact may not be conjectural or hypothetical).[2]

---

[2] LaCroix argues that he had standing with respect to his overbreadth claims because the Supreme Court has recognized an exception to general standing principles for overbreadth claims. See Broadrick v. Oklahoma, 413 U.S. 601, 612 (1973). But that exception does not save his challenge to the Ordinance because it provides only that the plaintiff need not show that "his own conduct could not be regulated by a statute drawn with the requisite narrow specificity." Id. (quoting Dombrowski v. Pfister, 380 U.S. 479, 486 (1965)). LaCroix must still show that the threat of prosecution based on the Ordinance is genuine and not speculative or imaginary. See White's Place, Inc. v. Glover, 222 F.3d 1327, 1329 (11th Cir. 2000). Therefore, his failure to allege a specific location of future free-speech activity is detrimental to his overbreadth claims.

In short, there is simply a complete absence of any allegations that LaCroix intends to speak in the future at any permitted event subject to the Ordinance, or at any site at which there is a likelihood that trespass laws would be unconstitutionally enforced. Accordingly we conclude that the district court did not err in concluding that LaCroix failed to establish a substantial likelihood of future injury.

## IV.   CONCLUSION

LaCroix has failed to show a substantial likelihood of future injury. He thus lacks standing to pursue preliminary injunctive relief for his free speech claims.[3]

**AFFIRMED.**

---

[3] Although LaCroix's complaint and motion for preliminary injunction mention in passing his free exercise claims, he does not suggest at any point how he has standing or could succeed on the merits of such a claim for injunctive relief. By making conclusory free exercise arguments with no legal support, LaCroix has abandoned his claim to pursue a preliminary injunction on this basis. See Sapuppo v. Allstate Floridian Ins. Co., 739 F.3d 678, 681 (11th Cir. 2014) ("We have long held that an appellant abandons a claim when he either makes only passing references to it or raises it in a perfunctory manner without supporting arguments and authority.").